DALLAS COUNTY, Texas, and GTSI Corp., Appellants/Cross–Appellees

v.

CEDAR SPRINGS INVESTMENTS, L.L.C., Business Resources Corporation, and Brown's River Marotti Co., Appellees/Cross–Appellants.

No. 05–10–00443–CV.

Court of Appeals of Texas, Dallas.

Feb. 29, 2012.

the rulings and arguments of *Granados* and similar cases.

Marc H. Richman, Thad D. Spalding, Law Office of Marc H. Richman, Robert L. Schell, Assistant District Attorney, Dan S. Boyd, The Boyd Law Firm, P.C., Elizabeth Ann Handschuch, Dedman & Handschuch PLLC, Dallas TX, for Appellants.

Michael K. Hurst, Anthony Joseph Magee, Vanessa Jean Rush, Dena DeNooyer Stroh, Gruber Hurst Johansen Hail Shank, LLP, Stephen A. Coke, Richard W. Winn, Wesner Coke & Clymer, P.C., William T. (Bill) Hill, Jr., Criminal District Attorney, Dallas, TX, for Appellees.

Before Justices BRIDGES, FITZGERALD, and FILLMORE.

**OPINION ON REHEARING**

Opinion By Justice BRIDGES.

Before the Court is the motion for rehearing and motion for en banc reconsideration of appellees/cross-appellants Cedar Springs Investments, L.L.C., Business Resources Corporation, and Brown's River Marotti Company. Appellees' motion for en banc reconsideration is denied. We grant appellees' motion for rehearing. We withdraw our opinion and vacate our judgment of January 12, 2011. The following is now the opinion of the Court.

Dallas County, Texas, and GTSI Corp. appeal the trial court's denial of the County's plea to the jurisdiction.[1] In five issues, the County argues the trial court erred in denying the County's plea to the jurisdiction because there is no express waiver of sovereign immunity for the procedures the County used to procure the contract at issue and appellees lack standing to challenge the contract; appellees did not adequately plead a waiver of sovereign immunity; the trial court erred in effectively substituting its opinion for that of the commissioners court; and appellees' claims are barred by the doctrine of laches. In their cross-appeal, appellees assert the trial court erred in admitting an affidavit into evidence and considering section 271.102 of the local government code, section 791.025 of the government code, and laches in conducting its jurisdictional inquiry. In their motion for rehearing, appellees argue, for the first time, that they can pursue their claims pursuant to section 118.025 of the local government code. We agree and affirm the trial court's judgment.

In April 2009, Dallas County commissioners approved a contract between the County and GTSI under which GTSI would duplicate County books and records so they would be preserved if the originals were destroyed. The money to pay for the book preservation effort came exclusively from filing fees attached to every record filed with the County clerk's office. Appellees learned of the contract between the County and GTSI, and Sonny Oates, owner of appellees, obtained a hearing before the Dallas County Commissioners Court. At the hearing, Oates stated the "no-bid" contract with GTSI "should not have been." Although one commissioner made a motion to cancel the contract with GTSI, the motion failed for lack of a second.

In November 2009, appellee Cedar Springs Investments, L.L.C. purchased property in Dallas County and paid $22,000 in property taxes. In December 2009, appellees filed suit seeking declaratory judgment that the books and records preservation contract between GTSI and the County violated the Texas Government Code's competitive bidding requirements and an injunction preventing performance under the contract. The County filed a plea to the jurisdiction asserting it was immune from suit. The trial court ultimately denied the County's plea to the jurisdiction and granted a temporary injunction restraining further performance of the contract. This appeal followed.

■ We first address the County's second issue in which it argues the trial court erred in denying its plea to the jurisdiction because appellees lacked standing. In the trial court, the County asserted Business Resources Corporation and Brown's River Marotti Co. did not have standing because they are not property tax paying citizens of the County. The County did not raise

---

1.  Although GTSI is included in the style of the case in the County's notice of appeal and brief, GTSI did not file a brief on its own behalf. Accordingly, we address only the County's claims.

the issue of Cedar Springs Investments' standing. Appellees assert the County therefore waived the issue of whether Cedar Springs Investments has standing. However, the standing component of subject matter jurisdiction cannot be waived and may be raised for the first time on appeal. *See Waco Indep. Sch. Dist. v. Gibson,* 22 S.W.3d 849, 851 (Tex.2000). Appellees urge this Court to adopt the dissenting and concurring opinions in *Texas Association of Business v. Texas Air Control Board,* 852 S.W.2d 440 (Tex.1993) as a basis for changing the law regarding waiver of standing. We decline to do so.[2]

■■■ As a general rule, to have standing to challenge a government action, an individual must demonstrate a particularized interest in a conflict distinct from that sustained by the public at large. *S. Tex. Water Auth. v. Lomas,* 223 S.W.3d 304, 307 (Tex.2007). Taxpayers in Texas have standing to enjoin the illegal expenditure of public funds, and need not demonstrate a particularized injury. *Williams v. Lara,* 52 S.W.3d 171, 179 (Tex.2001). Implicit in this rule are two requirements: (1) that the plaintiff is a taxpayer and (2) that public funds are expended on the allegedly illegal activity. *Id.*

The local government code provides that any property tax paying citizen of the county may enjoin performance under a contract made by a county in violation of the subchapter relating to county purchasing and contracting. TEX. LOCAL GOV'T CODE ANN. § 262.033 (West 2005). Be-

cause neither Business Resources Corporation nor Brown's River Marotti Co. own property in Dallas County, they do not have statutory standing to challenge the contract. It is undisputed, however, that Cedar Springs Investments is a property tax paying citizen of the County.

■■■ The County argues no public funds are expended in connection with its contract with GTSI and, therefore, Cedar Springs Investments does not have standing to challenge the contract. Relying on *Scott v. Board of Adjustment,* 405 S.W.2d 55, 57 (Tex.1966), appellees argue Cedar Springs Investments' taxpayer status is the only statutory requirement for standing to sue the County under the local government code. *Scott* involved the claim that the City of Corpus Christi's approval of a variance regarding the size of a billboard was illegal. The controlling statute permitted (1) any persons aggrieved, (2) "any taxpayer," or (3) any officer, department, board or bureau of the municipality to appeal "any decision of the Board of Adjustment" setting forth that the decision was illegal. *Id.* at 56. The court concluded that, because the parties were suing as taxpayers, not as "persons aggrieved," it was not necessary for them to prove they had suffered particular damage. *Id.* at 57.

Here, the Local Government Code provides that funds for preserving and restoring the County's records archive "shall comply with Subchapter C, Chapter 262." TEX. LOC. GOV'T CODE ANN. § 118.025(g) (West Supp. 2011). Subchapter C, Chap-

---

**2.** In *City of Dallas v. First Trade Union Sav. Bank,* 133 S.W.3d 680, 687–88 (Tex.App.-Dallas 2003, pet. denied) and *City of Dallas v. Heard,* 252 S.W.3d 98, 103–04 (Tex.App.-Dallas 2008, pet. denied), we concluded we did not have jurisdiction over an issue raised in the interlocutory appeal of the trial court's ruling on a plea to the jurisdiction that was not raised in the trial court. However, neither *First Trade Union* nor *Heard* involved the

issue of standing and, therefore, are not dispositive of this appeal. *See First Trade,* 133 S.W.3d at 687 (City failed to argue in its plea to the jurisdiction that Bank's claims were barred by governmental immunity and could not raise issue for first time on appeal); *Heard,* 252 S.W.3d at 104 (City could not argue for first time on appeal that recreational use statute applied to case).

ter 262 is also known as the County Purchasing Act. TEX. LOC. GOV'T CODE ANN. § 262.021 (West 2005). The County Purchasing Act sets forth competitive bidding procedures for County purchases. *See* TEX. LOC. GOV'T CODE ANN. §§ 262.0225–262.034 (West Supp. 2011) Any property tax paying citizen of the county may enjoin performance under a contract made by a county in violation of subchapter C, Chapter 262. TEX. LOC. GOV'T CODE ANN. § 262.033 (West 2005). Thus, subchapter C, Chapter 262 provides standing for taxpayers such as Cedar Springs Investments. Accordingly, we overrule the County's second issue.

■ In its first issue, the County argues the trial court erred in denying its plea to the jurisdiction because there is no express waiver of the County's sovereign immunity for claims related to the procedures the County used to procure the underlying contract. In its third issue, the County argues the competitive bidding procedures of Subchapter C, Chapter 262 do not apply to every contract entered into by a county. In its fourth issue, the County argues the trial court exceeded its supervisory jurisdiction over the Commissioners Court by finding that the procurement of the underlying contract had to comply with Subchapter C, Chapter 262. As discussed previously, contracts like the underlying contract must comply with Subchapter C, Chapter 262. The Legislature has waived sovereign immunity to the extent a party seeks to enjoin performance of a contract made in violation of section 262.027(a) of the local government code. TEX. LOC. GOV'T CODE ANN. § 262.033 (West 2005); *Labrado v. Cnty. of El Paso,* 132 S.W.3d 581, 593 (Tex.App.-El Paso 2004, no pet.). The County's contention that it used other statutory procedures to comply with the competitive bidding requirements of chapter 262 does not effect this waiver of sovereign immunity. We conclude the County's first, third, and fourth issues lack merit. *See* TEX. LOC. GOV'T CODE ANN. § 118.025(g) (West Supp. 2011).

■■ In its fifth issue, the County argues the claims of appellees are barred by laches. Specifically, the County argues appellees knew in July 2009 that its claim concerning the GTSI contract had been rejected yet waited five months to file suit. By that time, the County argues, the positions of the County and GTSI had changed to their detriment, and appellees' claims were therefore barred by laches. We disagree. Laches is an affirmative defense. TEX.R. CIV. P. 94; *Jim Rutherford Invs. v. Terramar Beach Cmty. Ass'n,* 25 S.W.3d 845, 852 (Tex.App.-Houston [14th Dist.] 2000, pet. denied). An affirmative defense may not be raised by a plea to the jurisdiction. *State v. Lueck,* 290 S.W.3d 876, 880 (Tex.2009). Accordingly, the issue of laches was not properly before the trial court. *See id.* We overrule the County's fifth issue.

In three cross-issues, appellees assert the trial court erred in (1) admitting into evidence the affidavit of Linda Boles stating that competitive bidding requirements were satisfied without bidding the contract as provided under Chapter 262; (2) considering section 271.102 of the local government code and section 791.025 of the government code as exceptions or affirmative defenses to an action under section 262.033 of the local government code; and (3) considering laches in conducting its jurisdictional inquiry. Appellees request this Court to either affirm the trial court's denial overruling the County's plea to the jurisdiction or, if this Court reverses the trial court's order, to remand with instructions that (1) appellees be permitted to amend their pleadings, (2) the Boles affidavit not be considered, (3) detrimental reliance not be presumed, and (4) §§ 271.102

and 791.025 not be considered in conducting the jurisdictional inquiry. Having concluded the trial court properly denied the County's plea to the jurisdiction, we need not further address appellees' cross-points.

We affirm the trial court's judgment denying the County's plea to the jurisdiction.