**Petition for Writ of Mandamus and Injunction Denied; Appeal Reversed and Rendered; and Opinion filed December 1, 2015.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-14-00897-CV

---

## IN RE STEVE GRIFFITH, IN HIS OFFICIAL CAPACITY, DOUGLAS BRINKLEY, IN HIS OFFICIAL CAPACITY, SCOTT SCHULTZ, IN HIS OFFICIAL CAPACITY, AND MARK GROTHAUS, IN HIS OFFICIAL CAPACITY, Relators

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS AND WRIT OF INJUNCTION**
**434th Judicial District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 14-DCV-216856**

---

### NO. 14-14-00900-CV

---

**STEVE GRIFFITH, IN HIS OFFICIAL CAPACITY, DOUGLAS BRINKLEY, IN HIS OFFICIAL CAPACITY, SCOTT SCHULTZ, IN HIS OFFICAL CAPACITY, AND MARK GROTHAUS, IN HIS OFFICIAL CAPACITY, Appellants**

**V.**

**COLLISION CLINIC, L.L.C. AND HANNA "JOHN" ELIAS, Appellees**

On Appeal from the 434th Judicial District Court
Fort Bend County, Texas
Trial Court Cause No. 14-DCV-216856

## O P I N I O N

Appellees/real parties in interest, Collision Clinic, L.L.C. and Hanna "John" Elias, sued appellants/relators Steve Griffith, Douglas Brinkley, Scott Schultz, and Mark Grothaus (collectively "the officials"), in their official capacities as employees of the City of Sugar Land ("the City"). Appellees seek to void and enjoin performance of certain municipal contracts governing the use of wrecker services. In this consolidated appeal and original proceeding, the officials (1) appeal the trial court's order denying their plea to the jurisdiction, and (2) seek a writ of mandamus and injunction, compelling the trial court to stay proceedings pending disposition of this appeal. We reverse the order denying the plea to the jurisdiction and order appellees' suit against the officials dismissed for lack of subject-matter jurisdiction. We deny the petition for writ of mandamus and injunction as moot.

## I. BACKGROUND

Over ten years ago, the City created a Tow Truck Service Contract to regulate police-initiated tows within city limits. Police-initiated tows are those that occur incident to an arrest or accident or when an owner or operator requests a tow of a disabled vehicle from a city officer.[1] The contract provided for a rotation list of wrecker companies to be called for such tows, which included Collision Clinic, owned by Hanna. However, the City claimed that it experienced various problems

---

[1] *See* Tex. Transp. Code Ann. § 545.305 (West 2011) (setting forth circumstances under which a peace officer may require removal of a vehicle from a highway).

2

with the wrecker companies. Therefore, in 2014, the City's police department developed a new contract which would limit the participants to five wrecker companies and effect other changes. The City cancelled its previous contract and solicited applications for the new positions. Collision Clinic applied but was not selected.

Appellees sued the officials, who are all city employees: Griffith as assistant city manager; Brinkley as police chief; Schultz as assistant police chief; and Grothaus as a police lieutenant. Appellees allege the officials violated the "Competitive Requirements for Purchases" contained in Chapter 252 of the Texas Local Government Code, which governs the "Purchasing and Contracting Authority of Municipalities." *See* Tex. Loc. Gov't Code Ann. § 252.021 (West Supp. 2014). Appellees request declaratory and injunctive relief, seeking to void and enjoin performance of the new contracts between the City and the selected companies.[2]

The officials filed a plea to the jurisdiction, followed by a supplemental plea. After a hearing, the trial court signed an order denying the plea. The officials bring this interlocutory appeal from that order. The officials also filed in the trial court a motion to stay all proceedings pending disposition of the appeal, anticipating the trial court would conduct a hearing on appellees' request for injunctive relief. The trial court denied that motion and scheduled a hearing on appellees' application for a temporary restraining order. Before the date scheduled for that hearing, the officials filed their petition for writ of mandamus and injunction, requesting that we compel the trial court to stay the proceedings pending disposition of the appeal. The officials also filed in our court a separate motion for an emergency stay of the trial-court

---

[2] Appellees also sued those companies, but they are not parties to this appeal, which concerns only the officials' plea to the jurisdiction.

proceedings. We granted that motion. We then consolidated the appeal and the original proceeding, so both are before us relative to this opinion.

## II. ISSUE REGARDING OUR JURISDICTION

As a preliminary matter, appellees argue that we lack jurisdiction over this interlocutory appeal.

An appellate court has jurisdiction to consider an immediate appeal from an interlocutory order if a statute specifically authorizes such jurisdiction. *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007). The Texas Civil Practice and Remedies Code authorizes a person to appeal an interlocutory order denying a plea to the jurisdiction by a "governmental unit." Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West 2015). Appellees contend that provision does not authorize the present appeal because the plea was filed by governmental employees rather than a "governmental unit." *See id.* In contrast, the officials rely on *Koseoglu*, in which the Supreme Court of Texas held that section 51.014(a)(8) also authorizes an interlocutory appeal from denial of a plea to the jurisdiction filed by a governmental employee sued in his official capacity. 233 S.W.3d at 840–46.

Appellees assert that *Koseoglu* is distinguishable for two reasons. First, they maintain that the court held only that a governmental employee may appeal an order denying a plea to the jurisdiction filed by the governmental unit. Appellees note that in this case, the governmental unit was not sued and thus did not file a plea. However, the *Koseoglu* court's holding was not so narrow. *See id.* There would be no reason for such a holding because an employee and the unit are separate parties and the unit would have its own right to appeal. *See SJ Med. Ctr., L.L.C. v. Estahbanati*, 418 S.W.3d 867, 872 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (citing *Koseoglu* as establishing that governmental official may appeal order denying his plea to the jurisdiction); *Parker v. Hunegnaw*, 364 S.W.3d 398, 401 (Tex. App.—

4

Houston [14th Dist.] 2012, no pet.) (same).

Second, appellees contend that unlike in this case, the *Koseoglu* officials were not sued for *ultra vires* actions. *See generally* 233 S.W.3d 835. As appellees suggest, part of the *Koseoglu* court's reasoning on the scope of section 51.014(a)(8) was that a suit against the official is essentially a suit against the governmental unit to which the same immunity also applies. *See id.* at 844. Appellees assert that this principle cannot apply to the present case because they are suing the officials under the *ultra vires* exception. *See Univ. of Tex. Health Sci. Ctr. at San Antonio v. Bailey*, 332 S.W.3d 395, 401 (Tex. 2011); *City of El Paso v. Heinrich*, 284 S.W.3d 366, 380 (Tex. 2009).

In this regard, appellees' argument regarding our jurisdiction overlaps with the merits of the officials' challenge to the trial court's jurisdiction. As discussed below, the officials contend that despite appellees' use of the term "*ultra vires*," their pleadings and the evidence negate the officials were acting *ultra vires* and the officials enjoy the same immunity as the City does. We necessarily have jurisdiction to consider that underlying contention as part of our jurisdiction, under section 51.014(a)(8), to determine whether the officials enjoy governmental immunity. *See Parker*, 364 S.W.3d at 402–10 (deciding via interlocutory appeal whether suit against official complained of *ultra vires* actions or those for which official would have governmental immunity when evaluating official's appeal from denial of plea to jurisdiction). Therefore, we reject appellees' challenge to our jurisdiction.

### III. REQUEST TO STAY PROCEEDINGS

In their first appellate issue and their original proceeding, the officials contend the trial court abused its discretion by refusing to stay the proceedings because the officials are statutorily entitled to that relief. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(b) (West 2015) (providing that interlocutory appeal from denial of plea to

jurisdiction filed by governmental unit stays all proceedings in trial court pending resolution of appeal). In response, appellees contend the officials are not entitled to such relief because we lack jurisdiction over their appeal. Because we have rejected that challenge to our jurisdiction, we conclude the officials are entitled to a stay during pendency of this appeal. *See id.*

However, we ordered a stay pursuant to the officials' separate emergency motion. That stay preceded the scheduled hearing on appellees' request for injunctive relief from the trial court. The officials do not complain that the trial court thereafter took any actions in violation of the stay. As discussed below, we conclude the trial court lacks jurisdiction and order the suit against the officials dismissed. Consequently, in light of the emergency stay that has been in place and our disposition of the appeal, the officials' first appellate issue and petition for writ of mandamus and injunction are moot. Accordingly, we overrule their first issue, deny the petition, and turn to the plea to the jurisdiction.

## IV. PLEA TO THE JURISDICTION

In their second issue, the officials contend the trial court erred by denying the officials' plea to the jurisdiction.

### A. Standard of Review

When a plea to the jurisdiction challenges the plaintiff's pleadings, we must determine if the plaintiff alleges facts that affirmatively demonstrate jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Whether the plaintiff has met this burden is a question of law that we review *de novo*. *Id.* We construe the pleadings liberally in favor of the plaintiff and consider its intent. *Id.* Unless the pleadings affirmatively negate the existence of jurisdiction, the plea to the jurisdiction should not be granted without allowing the plaintiff an

6

opportunity to amend. *See id.* at 226–27.

If a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues. *Id.* at 227. When a plea to the jurisdiction challenging jurisdictional facts implicates the merits of the plaintiff's claim, the defendant must meet the summary-judgment standard of proof by negating a genuine issue of material fact regarding existence of a jurisdictional fact. *See id.* at 227–28. If the evidence creates a fact question regarding the jurisdictional issue, the trial court may not grant the plea, and the fact issue will be resolved at trial by the fact finder. *Id.* However, if relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea as a matter of law. *Id.*

## B.    The Parties' Contentions

The crux of appellees' petition is that the officials violated Texas Local Government Code Section 252.021, which provides in pertinent part:

> (a) Before a municipality may enter into a contract that requires an expenditure of more than $50,000 from one or more municipal funds, the municipality must:
>
>> (1) comply with the procedure prescribed by this subchapter and Subchapter C for competitive sealed bidding or competitive sealed proposals;
>>
>> . . .

Tex. Loc. Gov't Code Ann. § 252.021(a)(1).[3]  Appellees allege that the officials failed to comply with the competitive-bidding procedures outlined under the referenced subchapters when obtaining the new contracts. Appellees then rely on the following portion of Local Government Code section 252.061 to support their request

---

[3] Section 252.021 also sets forth alternative purchasing methods which a City may use, *see* Tex. Loc. Gov't Code Ann. § 252.021(a)(2), (3), but appellees allege only that the officials violated subsection (a)(1).

for a declaration that the contracts are void and an injunction precluding performance of the contracts:

> If the contract is made without compliance with this chapter, it is void and the performance of the contract, including the payment of any money under the contract, may be enjoined by:
>
> > (1) any property tax paying resident of the municipality . . .

*Id.* § 252.061(1) (West Supp. 2014). Appellees also request that relief under the Texas Declaratory Judgments Act. *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.004 (West 2015).

On appeal, the officials contend the trial court lacks jurisdiction over appellees' claim under the doctrine of governmental immunity. Sovereign immunity deprives a trial court of subject matter jurisdiction over claims against the State or a state agency unless the Legislature has consented to suit. *See Miranda*, 133 S.W.3d at 224. A home-rule city has the same immunity in performance of its governmental functions as enjoyed by the State unless the city's immunity is limited by statute. *City of Galveston v. State*, 217 S.W.3d 466, 469 (Tex. 2007).

Moreover, a suit against a government officer in his official capacity is effectively a suit against the entity of which the official is an agent, and he has the same immunity enjoyed by the entity unless he has acted *ultra vires*. *Bailey*, 332 S.W.3d at 401 (citing *Heinrich*, 284 S.W.3d at 380; *Koseoglu*, 233 S.W.3d at 844). To satisfy this *ultra vires* exception, a plaintiff "must not complain of a government officer's exercise of discretion, but rather must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act." *Heinrich*, 284 S.W.3d at 372. Although a suit against the governmental entity is barred by immunity, a successful claimant in an *ultra vires* suit against a government official may obtain prospective declaratory or injunctive relief but may not recover

8

retrospective relief, such as monetary damages. *See id.* at 373–76.

Appellees plead, and reiterate on appeal, that the trial court has jurisdiction over their request to void and enjoin performance of the wrecker contracts because they allege the officials acted *ultra vires*—they acted without legal authority or failed to perform a purely ministerial act by failing to comply with the competitive-bidding procedures outlined under section 252.021. In contrast, the officials maintain that, despite appellees' use of the term "*ultra vires*," they challenge the officials' discretionary actions because section 252.021 did not apply to the officials' acts in obtaining the new contracts.

## C.    Analysis

Initially, we point out that the officials did not raise governmental immunity as a ground in their plea to the jurisdiction. Instead, they asserted other grounds to challenge jurisdiction. However, the Supreme Court of Texas has held that a claim of governmental immunity may be raised for the first time on appeal because the issue implicates subject matter jurisdiction. *See Rusk State Hosp. v. Black*, 392 S.W.3d 88, 94–97 (Tex. 2012). The court prescribed the procedures necessary to ensure the plaintiff has had a full opportunity to address jurisdictional issues that were not raised in the trial court:

> [I]f the pleadings and record neither demonstrate jurisdiction nor conclusively negate it, then in order to obtain dismissal of the plaintiff's claim, the defendant entity has the burden to show either that the plaintiff failed to show jurisdiction despite having had full and fair opportunity in the trial court to develop the record and amend the pleadings; or, if such opportunity was not given, that the plaintiff would be unable to show the existence of jurisdiction if the cause were remanded to the trial court and such opportunity afforded. If the governmental entity meets this burden, then the appellate court should dismiss the plaintiff's case. . . . If, however, the governmental entity does not meet this burden, the appellate court should remand the case to

9

the trial court for further proceedings.

*Id.* at 96 (citations omitted).

Here, as explained below, the pleadings and the evidence negate jurisdiction. Additionally, appellees were given the full opportunity to develop the record and amend their pleadings because one of the grounds raised in the officials' plea depended on the same premise underlying the immunity argument: that section 252.021 did not apply to the contracts at issue.[4]

We agree with the officials that appellees do not complain about any *ultra vires* actions because the officials were not required to comply with the competitive-bidding procedures. Section 252.021 requires a municipality to comply with those procedures (unless an alternate method applies) before it "may enter into a contract that requires an expenditure of more than $50,000 from one or more municipal funds." Tex. Loc. Gov't Code Ann. § 252.021(a)(1). It is undisputed that the contracts do not require an expenditure of any money from municipal funds because the owner or operator of the vehicle pays for the tow.

In this regard, we conclude appellees did not commit any *ultra vires* actions regardless of whether we construe the officials' contention regarding lack of jurisdiction as a challenge to appellees' pleadings or the jurisdictional facts. Specifically, in their petition, appellees assert, "The wrecker companies are generally paid by individual owners of the towed vehicles, unless the request is for tow of a city owned vehicle, in which case the City of Sugar Land pays for the tow." Although the latter part of the sentence mentions situations in which the City would pay the

---

[4] In the plea, the officials asserted (1) there is no justiciable controversy, (2) Collision Clinic lacks standing to seek relief under section 252.061, and (3) that statute authorizes relief only against the City and not against its officials. Like the immunity contention raised on appeal, the no-justiciable-controversy ground was based on the premise that section 252.021 did not apply to the contracts.

wrecker service, appellees refer to instances in which the City pays because it owns the towed vehicle—which is clearly distinguishable from the City entering into contracts with the wrecker companies which require the City to expend funds. Thus, appellees' petition affirmatively negates that the officials were bound by section 252.021.

Moreover, the officials presented uncontroverted evidence establishing that the wrecker companies are paid by the owner or operator of the towed vehicles and the contracts do not require any expenditure of municipal funds. The contracts merely give the wrecker companies the non-exclusive right to provide tows, impose certain requirements on such services, and provide that the companies will look solely to the owner or operator of the vehicle for payment.

Appellees argue that despite the language of section 252.021 expressing its scope, the statute applies because the officials decided to use some of the procedures involved in the competitive-bidding process when obtaining the new contracts. Appellees cite various ways in which the procedures used by the officials allegedly resembled the competitive-bidding process. However, appellees cite no binding authority dictating that an inapplicable statute becomes applicable simply because a party engages in procedures similar to those prescribed under the statute. In other words, appellees cite no authority that an inapplicable statute can somehow be made applicable by estoppel or a party's subjective intent.

Appellees rely on *City of Fort Worth v. Lane*, No. 02-11-00048-CV, 2011 WL 6415161 (Tex. App.—Dallas Dec. 22, 2011, no pet.) (mem. op.). In *Lane*, the plaintiff sued the city under the Texas Whistleblower Act, alleging it terminated her employment because she reported her superior's violations of the Chapter 252 competitive procedures. *Id.* at *1. The court of appeals affirmed the trial court's denial of the city's plea to the jurisdiction, holding the plaintiff's report was made in

11

good faith as necessary to assert a claim under the Whistleblower Act, which waives governmental immunity. *Id.* at *2, 6. The court rejected the city's suggestion that it was immaterial whether it followed all of the competitive procedures because, although it used that method, it was not required to do so. *See id.* at *4. Appellees emphasize that the court stated,

> There is no exemption in chapter 252 that would allow a municipality to use the methods provided in chapter 252 but yet only apply the regulations of that chapter that it chooses. If these services could be purchased using one of the competitive methods set out in chapter 252, and [the city] chose to do so, then it was required to do so in accordance with the laws governing those procedures.

*Id.*

For several reasons, we disagree that *Lane* is controlling. First, we are not bound by the decision of a sister court. *See Chrismon v. Brown*, 246 S.W.3d 102, 111 n.8 (Tex. App.—Houston [14th Dist.] 2007, no pet.). Second, the primary issue in *Lane* was not whether the city was required to comply with Chapter 252 but whether the plaintiff had a good-faith belief that the city was required to do so. *See id.* at *6. Third, unlike the present case, the city acknowledged in *Lane* that it used the "competitive sealed proposals" method. *See id.* at *4. Thus, even if certain aspects of the procedures in the present case resembled the procedures prescribed under section 252.021, we disagree that *Lane* dictates the statute was applicable. We instead follow the plain language of the statute demonstrating it was inapplicable.

In fact, the officials alternatively rely on a public-health exception to the requirements of Chapter 252, *see* Tex. Loc. Gov't Code Ann. § 252.022(a)(2) (West Supp. 2014), which we need not address because section 252.021 was inapplicable by its express language. However, we note appellees respond that the officials may not rely on the exception because section 252.021 was inapplicable in the first place. Therefore, appellees present the disingenuous position that although section 252.021

was inapplicable, the officials were bound by it because they used similar procedures, yet they may not rely on the exception because section 252.021 was inapplicable. We reject appellees' attempt to bind the officials to a statute which appellees admit was inapplicable.

In summary, because section 252.021was inapplicable, the officials did not act *ultra vires* relative to obtaining the contracts but rather engaged in discretionary acts. Accordingly, the officials have governmental immunity against appellees' request to void the contracts and enjoin performance under section 252.061. Finally, for the same reason, the officials have governmental immunity against appellees' identical request for relief under the Declaratory Judgments Act. *See Rush v. Barrios*, 56 S.W.3d 88, 105 (Tex. App.—Houston [14th Dist.] 2001, pet. denied) (stating subject matter jurisdiction in declaratory-judgment action depends on whether underlying controversy is within court's jurisdiction and act does not confer additional jurisdiction on a court). We sustain the officials' second issue.

We reverse the trial court's order denying the officials' plea to the jurisdiction and order appellees' suit against the officials dismissed for lack of jurisdiction. We deny the officials' petition for writ of mandamus and injunction as moot.

/s/     John Donovan
        Justice

Panel consists of Justices Boyce, McCally, and Donovan

13