ACCEPTED
03-16-00586-CV
13904674
THIRD COURT OF APPEALS
AUSTIN, TEXAS
11/21/2016 1:54:00 PM
JEFFREY D. KYLE
CLERK

No. 03-16-00565-CV
No. 03-16-00586-CV

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
11/21/2016 1:54:00 PM
JEFFREY D. KYLE
Clerk

## IN THE THIRD COURT OF APPEALS
## AUSTIN, TEXAS

City of Austin and Marc A. Ott, in his Official Capacity as the City Manager for the City of Austin,
Defendants – Appellants

v.

Utility Associates, Inc., and Mr. V. Bruce Evans, a Resident of Austin, Texas, Individually,
Plaintiffs - Appellees

On Appeal from the District Court of Travis County, 98th Judicial District
Cause No. D-1-GN-16-002931

## REPLY BRIEF OF APPELLANT

Anne L. Morgan, City Attorney
Meghan L. Riley, Chief, Litigation
Matthew William Tynan, Assistant City Attorney
State Bar No. 24072489
City of Austin-Law Department
P. O. Box 1546
Austin, Texas 78767-1546
Telephone:  (512) 974-2185
Facsimile:   (512) 974-1311
matthew.tynan@austintexas.gov
**COUNSEL FOR DEFENDANTS - APPELLANTS**

**ORAL ARGUMENT NOT REQUESTED**

# TABLE OF CONTENTS

TABLE OF CONTENTS ....................................................................................... ii

INDEX OF AUTHORITIES ........................................................................ iii, iv

ARGUMENT ......................................................................................................1

      I.      Statutory Standing is an Exclusive Jurisdictional Requirement ...........2

      II.     Utility is Not One of the Statutorily Defined Parties Who Can Challenge Municipal Purchases Under Chapter 252 ............................5

      III.    Utility Cannot Obtain Statutory Standing Through Another Party to This Litigation ................................................................................7

      IV.    Appellees Cannot Use the UDJA to Create An Exception to the Standing Requirements of §252.061 .................................................10

CONCLUSION ..................................................................................................12

CERTIFICATE OF COMPLIANCE .................................................................13

CERTIFICATE OF SERVICE .........................................................................14

# INDEX OF AUTHORITIES

**Cases**

*Andrade v. NAACP of Austin,*
  345 S.W.3d 1 (Tex. 2011). ...............................................................................8, 9

*Barshop v. Medina Cnty. Underground Water Conservation Dist.,*
  925 S.W.2d 618 (Tex. 1996)....................................................................................8

*City of El Paso v. Waterblasting Technologies, Inc.,*
  491 S.W.3d 890 (Tex. App. – El Paso 2016)......................................................6, 10

*City of Dallas v. TCI W. End, Inc,.*
  463 S.W.3d 53 (Tex. 2015).......................................................................................9

*City of Round Rock v. Whiteaker.*
  241 S.W.3d 609 (Tex. App. – Austin 2007). ..........................................................4

*Crown Life Ins. Co. v. Casteel,*
  22 S.W.3d 378 (Tex. 2000) ....................................................................................11

*Dallas County v. Cedar Springs Investments, L.L.C.,*
  375 S.W.3d 317 (Tex. App. – Dallas 2012). .........................................................10

*Estate of Teal,*
  135 S.W.3d 87 (Tex. App.-Corpus Christi 2002)...................................................11

*Everett v. TK–Taito*, L.L.C.,
  178 S.W.3d 844 (Tex. App. – Fort Worth 2005). ...................................................2

*Firemen's Ins. Co. v. Burch,*
  442 S.W.2d 331 (Tex.1968). ..................................................................................11

*Hunt v. Bass,*
  664 S.W.2d 323 (Tex.1984).......................................................................................2

*In re Griffith,*
  485 S.W.3d 529 (Tex. App. – Houston [14th Dist.] 2015); ..................................10

*NME Hosps., Inc. v. Rennels*,
   994 S.W.2d 142 (Tex. 1999)...................................................................................11

*Patel v. Texas Dep't of Licensing and Regulation*,
   469 S.W.3d 69 (Tex. 2015)....................................................................................8, 9

*Phillips v. Beaber*,
   995 S.W.2d 655 (Tex.1999)....................................................................................5

*Rush v. Barrios,*
   56 S.W.3d 88 (Tex. App. – Houston [14th Dist.] 2001); ......................................10

*S. Tex. Water Auth. v. Lomas,*
   S.W.3d 304 (Tex. 2007)...........................................................................................4

*Texas Ass'n of Bus. v. Tex. Air Control Bd.,*
   852 S.W.2d 440 (Tex. 1993). ..............................................................................4, 10

*Tex. Dep't of Protective and Regulatory Servs. v. Sherry*,
   46 S.W.3d 857 (Tex.2001). .....................................................................................5

*Urban Electric v. Brownwood Independent School Dist*.,
   852 S.W.2d 676 (Tex. App. – Eastland 1993). .......................................................5

*Williams v. Lara*,
   52 S.W.3d 171 (Tex.2001). .....................................................................................3

## Statutes

TEXAS CIVIL PRACTICE AND REMEDIES CODE § 37.001- 37.011...............................1

TEXAS GOVERMENT CODE § 311.002 .......................................................................5

TEXAS LOCAL GOVERNMENT CODE § 252.061 ................................................passim

## ARGUMENT

The Appellants have argued that the trial court ruled in error when it determined that Plaintiff Utility Associates, Inc. ("Utility") had jurisdictional standing to pursue litigation in this matter. The Appellants' brief presented detailed support that the enforcement provision contained in Chapter 252 of the Texas Local Government Code provides the exclusive definition of parties who have standing to challenge municipal procurements.[1] Appellees filed their brief with the Court arguing; 1) Statutory standing under the controlling statute is not the exclusive means to establish this jurisdictional requirement; 2) Utility need not satisfy the requirements of statutory standing because they have established "general standing"; 3) Utility can establish statutory standing as a losing bidder as a result of the standing afforded a taxpayer under §252.061, and 4) The Appellees' *ultra vires* claims create an exception to exclusive statutory criteria so as to provide jurisdictional standing under the Uniform Declaratory Judgment Act ("UDAJ"), §37.001 – 37.011 of the Texas Civil Practices and Remedies Code.[2]

Pursuant to Texas Rule of Appellate Procedure 38.3, Appellants present this reply brief to address these arguments levied by the Appellees. As shown below,

---

[1] The trial court has determined that Section Chapter 252 of the Loc. Gov't. Code applies to the challenges presented in this matter. The Appellees have conceded this point and this determination has not been appealed (RR2: 11, 80, 127, 134 & Supp. RR2 26).

[2] Appellees insist that they have argued this position before but only point to a claim of "inherent jurisdiction" (1 C.R. 171), references to the inapplicable Texas Government Code (1 C.R. 398), and that the Taxpayer has statutory standing (2 R.R. 125-133).

1

the Appellees arguments regarding standing are without sufficient legal support and should be considered inadequate by this Court to overcome the well-defined argument and authority presented in the Appellants' Brief.[3]

## I.     Statutory Standing is an Exclusive Jurisdictional Requirement

On page 16 of the Appellees' Brief they introduce the notion that Utility is a proper party to this litigation because they have established "general standing". They insist that this standard is applicable to the matter at hand because the statutory basis provided under Chapter 252 does not represent the exclusive criteria to determine who may challenge municipal purchases.  The Appellees' argument must fail because it is a well-settled rule that statutory standing serves as the exclusive metric for ascertaining on whom the legislature intended to confer standing when specific criteria for the jurisdictional prerequisite are included as part of the statutory language.

Standing to sue may be predicated upon either statutory or common law authority. *Everett v. TK–Taito*, L.L.C., 178 S.W.3d 844, 850 (Tex. App. – Fort Worth 2005).  The common law standing rules apply **except where standing is statutorily conferred**. *Id*. (emphasis added); *see also Hunt v. Bass*, 664 S.W.2d 323, 324 (Tex.1984). When standing has been statutorily conferred, the statute itself serves as the proper framework for a standing analysis. *Everett*, 178 S.W.3d

---

[3] Appellants only address the standing arguments presented in Appellees' Brief.  Appellees present no new argument regarding the impermissible scope of injunctive relief in their reply.

at 850; *see also Williams v. Lara*, 52 S.W.3d 171, 178 (Tex.2001). It is undisputed that the framework for challenging municipal purchases arises under the enforcement provision of Chapter 252 (§252.061 of the Loc. Gov't Code). However, the Appellees now suggest that the statute does not serve as the exclusive means for establishing standing to sue under the Chapter. Specifically, they argue that a party with "general standing" may pursue statutory remedies even if they are not a party specifically identified under the statute in question. Appellees' Brief, pg. 16. To support this notion the Appellees begin by arguing that underlying procurement process was unfair because Utility was not awarded the contract. Appellees' Brief, pg. 17. This alleged unfairness, according to the Appellees, presents the only reason why Utility was an unsuccessful bidder and serves as the basis for their speculative and illusory injury.[4] Appellees position is that this "injury" gives Utility standing to be a party to this suit as an exception to the mandatory nature of the standing requirements under §252.061.

To establish the validity of their exception, Appellees suggest a new standard for Texas law, one that would remove any ability for the legislature to develop, identify, and limit statutorily conferred standing to parties suing under specific statutes. In support of this new standard they offer a description of

---

[4] Plaintiff Utility has repeatedly misrepresented the position that they were due to be awarded the contract that arose from this procurement despite the evaluations and determination of the City Purchasing Department, Police Department, and Austin City Council. The trial court disregarded this self-serving conclusion at hearings for the Temporary Injunction and on the Defendant's Plea to the Jurisdiction.

"general standing" considered by this Court in *City of Round Rock v. Whiteaker*. 241 S.W.3d 609 (Tex. App. – Austin 2007). However, in *Whiteaker* the Court did no more than reference a "general test for standing", as articulated in the *Texas Ass'n of Bus.* decision and did not develop or define any position that parties can maintain "general standing" as an exception to statutorily defined criteria.[5] In addition, Appellees offer the Texas Supreme Court's decision in *S. Tex. Water Auth. v. Lomas* as additional support. S.W.3d 304, 307 (Tex. 2007). Appellants' fail to see how Appellees could conclude that the *Lomas* decision provides any support to their argument that the "general standing" test trumps the statutory standing requirements of Chapter 252 as it never references such an exception.

The Appellees' argument that this "general standing" test can be used as an alternative or an exception to statutorily conferred standing is unpersuasive. They fail to offer any instance of case law support for this disfavored concept and go no further than to suggest that their chosen relief (injunction), as an available remedy under the statute, provides recourse to any losing bidder despite statutory language

---

[5] This case discusses the difference between the general test for standing in Texas and the absence of a particular test for organizations. *Texas Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 446-447 (Tex. 1993). This case did not consider a situation where standing is statutorily conferred and has not been adopted to say otherwise.

to the contrary.[6]   Appellees' Brief, pg. 18.   This response argument to the Appellants' Brief should not be considered meritorious.

## II.    Utility is Not One of the Statutorily Defined Parties Who Can Challenge Municipal Purchases Under Chapter 252

In statutory standing cases, such as the matter currently before the Court, the relevant analysis is a straight construction evaluation of the statute to determine upon whom the Texas Legislature intended to confer standing and whether the claimant in question falls in that category. *See Tex. Dep't of Protective and Regulatory Servs. v. Sherry*, 46 S.W.3d 857, 859–61 (Tex.2001).   This evaluation begins with the terms of the Code Construction Act ("CCA").   Tex. Gov't Code § 311.02.   The CCA requires that when construing the meaning of a statute, a presumption must exist that a statute was enacted in compliance with both the United States and Texas Constitutions, that the entire statute is intended to be effective, and that a just and reasonable result is intended.   *Id.*   Texas Supreme Court has emphasized that the objective when interpreting and applying a statute is to determine and give effect to the Legislature's intent. *Phillips v. Beaber*, 995 S.W.2d 655, 658 (Tex.1999).

Here, the legislature has drafted the enforcement provision of Chapter 252 to read as follows:

---

[6] Appellees offer *Urban Electric v. Brownwood Independent School Dist.*, 852 S.W.2d 676 (Tex. App. – Eastland 1993).   This matter involved Chapter 271 of the Loc. Gov't Code which does not include the same statutory restrictions on standing as are included in Chapter 252.

"If the contract is made without compliance with this chapter, it is void and the performance of the contract, including the payment of any money under the contract, may be enjoined by: (1) any property tax paying resident of the municipality; or (2) a person who submitted a bid for a contract for which the competitive sealed bidding requirement applies, regardless of residency, if the contract is for the construction of public works." Tex. Loc. Gov't Code §252.061.

This provides standing to seek the available remedies under this statute for two (2) distinct parties; taxpayers and losing bidders in contracts for the construction of public works. Appellees have repeatedly conceded that the contract in question does not relate to public works. As a result, the only thing that the Court need be concerned with is whether the parties seeking to challenge the procurement are "taxpayers" as defined by the statute. The Appellants have not challenged Evans status as a taxpayer for the City of Austin and the Appellees have offered no argument that Utility is qualified as a taxpayer for the purposes of litigation under the statute.

When a losing bidder sues a municipality under Chapter 252 but the procurement is not one for the construction of public works and the bidder cannot establish themselves as a taxpayer, the bidder lacks standing and the Court does not possess jurisdiction over their claims. *City of El Paso v. Waterblasting Technologies, Inc.*, 491 S.W.3d 890, 901-903 (Tex. App. – El Paso 2016). When this is the case, the appropriate action is to dismiss the losing bidder for lack of jurisdiction for want of standing. *Id.* This is the applicable standard even where

6

other parties may have established jurisdictional standing in the same action. *Id.* at 903 (losing bidder dismissed for lack of standing under §252.061 when a taxpayer had established standing to pursue statutory remedies). There simply is no support for the conclusion that Utility may avoid dismissal on jurisdictional grounds because of the taxpayer's involvement.

## III. Utility Cannot Obtain Statutory Standing Through Another Party To The Litigation

As an alternative to their argument that the statute does not control standing in this matter, Appellees pivot to their aggregate standing argument that was presented to the trial court. This position insists that Utility may be considered to have statutory standing because the taxpayer, V. Bruce Evans ("Evans") is a statutorily permissible party under §252.061. The Appellees ask the Court to uphold the trial court's erroneous determination that one party, specifically excluded from the statutory language, may nevertheless clear this jurisdictional hurdle when another party has satisfied the applicable requirements. Appellees suggest that this position is palatable because the Plaintiffs in this matter were seeking the same relief and such an aggregation is supported by case law. As previously argued by the Appellants in their original brief, this argument must fail and the trial court's decision should be reversed. The case law cited by the appellees, and referencing an aggregation of standing, does not involve matters where standing is statutorily conferred. Nor do these cases address situations

7

where the parties are distinctly situated and seeking dissimilar relief. Finally, for this Court to adopt the determination of the trial court, and the argument of Appellees, would be to render the precise standing language of §252.061 irrelevant.

Appellees argue that Utility can satisfy the requirements of statutory standing under §252.061 because Evans, 1) has standing under the statute; and 2) Utility is seeking the same relief as Evans in the lawsuit. For direct support of this conclusion the Appellees offer the decision in *Andrade v. NAACP of Austin*. 345 S.W.3d 1 (Tex. 2011); Appellee's Brief, pg. 18. Appellees provide language from the opinion that incorporates the determination that claims of equal protection may be pursue by all aggrieved voters when all of the voters are seeking the same relief and at least one voter has established standing to pursue the relief in question.[7] *Id.* at 6. Appellees follow up by providing *Patel v. Tx. Dep't of Licensing & Reg.* as an affirmation of the Andrade decision by this Court. 464 S.W.3d 369, 377 (Tex. App. – Austin 2012).

Neither of the cases offered by the Appellees should be considered persuasive. This is initially because both the *Andrade* case and the *Patel* matter involved common law constitutional standing – not standing that has been

---

[7] Appellees do not cite to the portion of the 2011 Andrade case from which they draw the quoted language but it appears that this was pulled from page 6 of the opinion, quoting *Barshop v. Medina Cnty. Underground Water Conservation Dist.* 925 S.W.2d 618, 627 (Tex. 1996).

8

statutorily conferred. Both cases are devoid of any suggestion that one party establishing statutory standing could open this jurisdictional door for any party with similar claims (but who failed the statutory standing test). In addition, and dissimilar from the Court's consideration in *Andrade* or *Patel*, the parties in this matter are not identically situation nor do they seek the same relief. While both Evans and Utility seek categorical relief that can be described as injunctive and declaratory, the scope and implication of their positions are unique. Evans seeks to have the contract declared void while Utility seeks to have the court waive procedural requirements of the RFP and award the contract to them directly. Evans has emphasized that the relief sought by Utility is not the same as the relief sought by the taxpayer or reflective of his position in this case. (RR2: 129, Supp. RR2: 44). Finally, the Appellees proposed application of aggregate standing cannot stand because such a conclusion would render an entire portion of clear legislative direction irrelevant. Proper consideration of legislative intent requires the reviewer to give meaning to all provisions within the statute when possible, and not to render any provisions meaningless. *See City of Dallas v. TCI W. End, Inc.,* 463 S.W.3d 53, 55–56 (Tex. 2015). Allowing the Appellees to create standing through aggregation would eviscerate the legislative purpose and intent of the enforcement provision of Chapter 252 and render the standing requirements of 252.061 useless. The Court simply cannot permit this result and find that, while

9

Evans has established standing under the statute, Utility has not and is due to be dismissed from the litigation.[8]

## IV. Appellees Cannot Use the UDJA to Create an Exception to the Standing Requirements of §252.061

Appellees make one final attempt to convince this Court that they have found an exception to the rules regarding statutory standing when they suggest that their (now dismissed) claims under the UDJA allow them to change the rules of standing as applied to this case.[9]  Appellees fail to cite a single case that has permitted this type of extra-statutory standing and the Court should reach the determination that Appellees' suggestion is without merit.

The UDJA is "merely a procedural device for deciding cases already within a court's jurisdiction rather than a legislative enlargement of a court's power." *Texas Ass'n of Business v. Texas Air Control Bd.,* 852 S.W.2d 440, 444 (Tex.1993).  The Act does not enlarge the jurisdiction of Texas courts nor does it confer additional jurisdiction outside of the underlying statutory cause of action.  *See In re Griffith,* 485 S.W.3d 529, 537 (Tex. App. – Houston [14th Dist.] 2015); *Rush v. Barrios,* 56 S.W.3d 88, 105 (Tex. App. – Houston [14th Dist.]

---

[8] Dismissing a losing bidder without standing, when a taxpayer has established standing in the same case, has been the determination in the previously referenced *City of El Paso v. Waterblasting* as well as in *Dallas County v. Cedar Springs Investments, L.L.C.* 375 S.W.3d 317, 320 (Tex. App. – Dallas 2012).

[9] The Appellees' UDJA claims were dismissed by the trial court in response to the Appellants' Plea to the Jurisdiction.  These claims are part of a consolidated portion of this appellate matter.

2001); *Firemen's Ins. Co. v. Burch,* 442 S.W.2d 331, 333 (Tex.1968). The underlying controversy in this matter arises from Chapter 252 and the included enforcement provision (§252.061). This statute confers subject matter jurisdiction for the court over the claims of the two (2) previously described parties and its application to this matter is not in dispute. The Appellees would have this court revive their claims under the UDJA as a way to circumvent the strict legislative restrictions on standing that were provided by the statute governing municipal procurements. They ask this extraordinary step from the Court despite the admission that their UDJA claims, though currently dismissed, are presented to the Court under the very statute that they claim does not control standing. Appellee's Brief, pg. 27. To allow circumvention of a clear statutory directive and selective application of Chapter 252 would create an absurd result and undermine the lawmakers clear intent. This conclusion is amply supported as Texas courts have repeatedly applied similar standing restrictions under numerous other statutes. *See, e.g., Tex. Dep't of Protective & Regulatory Servs. v. Sherry*, 46 S.W.3d 857, 861-62 (Tex. 2001) (standing to sue under Texas Family Code governed by statute); *Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378, 384-85 (Tex. 2000) (standing to sue under Texas Insurance Code governed by statute); *NME Hosps., Inc. v. Rennels*, 994 S.W.2d 142, 147 (Tex. 1999) (standing to sue under Texas Labor Code governed by statute); *Estate of Teal*, 135 S.W.3d 87 (Tex. App.-Corpus

11

Christi 2002) (standing to sue under Texas Probate Code governed by statute); *Pittsburgh Corning Corp. v. Walters*, 1 S.W.3d 759, 766-68 (Tex. App.-Corpus Christi 1999) (standing to sue under Texas Civil Practice and Remedies Code limited to parties as defined in statute).

## CONCLUSION

For the reasons set forth herein, Appellees have failed to contradict the Appellants' arguments that the trial court erred in determining that Utility had standing to pursue claims and relief under §252.061 of the Local Government Code. The Appellants incorporate the request for relief including in their initial brief and reiterate that the trial court's determination of standing should be reversed and Utility should be dismissed from this litigation with this matter remanded to the trial court for further proceedings consistent with this conclusion.

RESPECTFULLY SUBMITTED,
ANNE L. MORGAN, CITY ATTORNEY
MEGHAN L. RILEY, CHIEF, LITIGATION

/s/ Matthew William Tynan
MATTHEW WILLIAM TYNAN
State Bar No. 24072489
Matthew.Tynan@austintexas.gov
City of Austin – Law Department
P. O. Box 1088
Austin, Texas 78767-1088
Telephone: (512) 974-2918
Facsimile: (512) 974-1311

**COUNSEL FOR APPELLANTS**

12

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing document contains 2966 words, in compliance with Rule 9.4 of the Texas Rules of Appellate Procedure.

\s\ Matthew William Tynan
Matthew William Tynan
Counsel for Appellants

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of foregoing instrument has been

served, on this the 21st day of November, 2016 to the following:

**Via E-Service:**

Peter B. Barlow
pbarlow@sgrlaw.com
SMITH GAMBRELL & RUSSELL, LLP
100 Congress Avenue
Suite 2000
Austin, Texas  78701
Telephone:  (512) 498-7617
Facsimile:   (512) 879-5032

**ATTORNEY FOR UTILTY ASSOCIATES, INC.**

Shelby A. Jordan
sjordan@jhwclaw.com
JORDAN, HYDEN, WOMBLE, CULBRETH & HOLZER, P.C.
1250 S. Capital of Texas Hwy
Suite 330
Austin, Texas  78746
Telephone:  (361) 884-5678
Facsimile:   (361) 888-5555

**ATTORNEYS FOR MR. V. BRUCE EVANS**

/s/   Matthew W. Tynan
MATTHEW W. TYNAN

14