**DARYA, INC. d/b/a Executive Taxi, Khorshid, Inc. d/b/a Taxi Dallas, and Nasser Mansourian, Appellants**

v.

**Uche CHRISTIAN, Appellee.**

**No. 05–07–00721–CV.**

Court of Appeals of Texas, Dallas.

April 25, 2008.

---

Gregory L. Koss, Dallas, for Appellant.

Vincent Chuks Ndukwe, Law Office of MNC Vincent & Associates, Dallas, for Appellee.

Before Justices MOSELEY, BRIDGES, and LANG–MIERS.

## OPINION

Opinion by Justice MOSELEY.

■ Appellants Darya, Inc. d/b/a Executive Taxi and Nasser Mansourian appeal the trial court's post-judgment discovery order dated May 11, 2007. *See* TEX.R. CIV. P. 621a. Among other things, that order required payment of $1,500 attorney's fees as requested by the plaintiff below, appellee Uche Christian. Appellants assert the trial court abused its discretion in awarding attorney's fees as a sanction.[1] For the reasons set forth herein, we agree, and modify that order by vacating the portion awarding attorney's fees. We affirm the order as modified.

## I. FACTS

The record omits certain documents relating to this matter, and the documents themselves are somewhat confusing as to the parties' identities. However, from the record we can ascertain the following.

The trial court's order is entitled "Order Granting Motion to Compel Signature on Order Granting Motion to Compel." Christian's corresponding motion states

the trial court heard and orally granted a motion to compel on April 12, 2007[2]; plaintiff's counsel prepared an order to that effect; defendants' counsel "has raised unfounded objections to the proposed order"; and as a result plaintiff's counsel filed the present motion. The motion also stated Christian had employed counsel to file both the earlier motion to compel and the present motion, and asked the court to order defendants to pay $1,500 in attorney's fees.

At the hearing, defendants' counsel explained that his complaint with the proposed order was that it required discovery from defendants other than Mansourian. He had stated that Darya, Inc. d/b/a Executive Taxi had actually been granted a directed verdict before the case went to the jury and was not named in the jury's charge; nevertheless, Darya, Inc. d/b/a Executive Taxi was erroneously included in the judgment in place of defendant Khorshid, Inc. d/b/a Taxi Dallas, which was named in the charge and against which the jury found liability.[3] He stated that he had tried to contact plaintiff's counsel to discuss his complaint concerning the order, but that he had not been able to do so. In response to a question as to why he had not complied with the trial court's oral April 12 order concerning discovery, which required defendants to respond to discovery requests within thirty days of that date, defendants' counsel responded

1. The trial court also ordered that "the defendants must deliver a complete response to the post judgment discovery request" to Christian's counsel by a certain date. Appellants do not challenge that portion of the order. "A sanctions order is appealable when the judgment is signed." *In re Smith*, 192 S.W.3d 564, 569 (Tex.2006) (orig.proceeding) (per curiam) (considering order on motion to compel and sanctions in post-judgment discovery proceeding; citing *Arndt v. Farris*, 633 S.W.2d 497, 500 (Tex.1982)).

2. A copy of this motion is not in the record on appeal.

3. Defendants' counsel also referred to another defendant, Zyba, Inc. d/b/a Golden Cab, that he asserted should not be required to respond to post-judgment discovery. We have reviewed the jury charge and the judgment, both of which are in the record. The jury charge did not ask about Zyba, Inc. d/b/a Golden Cab, and the judgment did not award damages against Zyba, Inc. d/b/a Golden Cab.

that the time for compliance had not yet expired.[4]

With respect to communications between counsel about the trial court's ruling, the following exchange occurred:

THE COURT: Why didn't you bring this earlier?

[DEFENDANTS' COUNSEL]: Judge, I've been trying to call [plaintiff's counsel]. He is not-he is impossible to get a hold of.

THE COURT: Do you not know how to write?

[DEFENDANTS' COUNSEL]: Judge, he didn't—okay. I'm not sure his motions ask for attorney's fees. I don't recall.

[PLAINTIFF'S COUNSEL]: In motion to compel I asked for attorney's fees. In motion to sign order I ask for attorney's fees. However, in the motion to compel, when we get at the hearing, he promise that he's going to deliver the documents to me within 30 days. I withdraw that attorney's fees, and I didn't ask for it at that point; however, it was in my motion to compel. And it specifically requested attorney's fees. The reason why I didn't go forward with the request for attorney's fee on the motion to compel

was he agreed that he's going to deliver the response to me within 30 days.

[DEFENDANTS' COUNSEL]: Judge, that's just not right. I didn't agree. We agreed—Judge, you—

THE COURT: I ordered you to comply.

[DEFENDANTS' COUNSEL]: You ordered it. That's right, Judge.

THE COURT: And if you have not complied, I will sanction you.

[DEFENDANTS' COUNSEL]: I understand, Judge. And I—I understand that completely. But we haven't—first of all, as you said, the deadline is tomorrow; so I'm not beyond it. And I just want the order to—I don't want him to come along and say that I have to give—that Zyba Incorporated has to respond to this discovery.

THE COURT: All right. I think your arguments are disingenuous. You could have written him and said what the problems were, and this could have been taken care of a long time ago instead of waiting until the last minute. You haven't given me a good excuse for doing that, other than you couldn't get

---

4. Defendants' counsel also stated that he had not responded to discovery because both he and counsel for Christian had filed motions asking the trial court to specify the amount of a supersedeas bond, which defendants' counsel stated he was prepared to file immediately, and which would obviate the need for any post-judgment discovery.

him by telephone. Everything in the court is filed on paper, [defendants' counsel], everything. If you had objections, you could have put your objections in writing.

## COURT'S RULING

THE COURT: That being the case, I'm going to sign the order as is. And I will grant sanction—I will grant attorney fees of $750. Do you have an order for attorney fees, [plaintiff's counsel]?

[PLAINTIFF'S COUNSEL]: Your Honor, can I write it on that order because it's going to take another trip to get him to agree to the order.

[DEFENDANTS' COUNSEL]: And, Judge, I object to the sanctions.

THE COURT: I've made my ruling.

Plaintiff's counsel stated he had asked for $750 in attorney's fees in his original motion to compel, but that he had not gone forward with his request for attorney's fees on the motion to compel because defense counsel had stated the defendants would deliver the discovery response within thirty days.

The trial court stated it would grant the motion and award $750 in attorney's fees. Defense counsel objected. The court stated that the defendants had violated the court's orders; defendants' counsel responded that he still had another day to comply with the oral order and that the court was "sanctioning me for something that hasn't happened yet."

Plaintiff's counsel then indicated he had asked for $750 in attorney's fees, but that if defense counsel had a problem with that, "I'm going to be asking the Court [sic] $1,500 included in the motion to sign." At that point, defense counsel asked to cross-examine plaintiff's counsel on attorney's fees. The trial court stated: "No, you may not."

At the conclusion of the hearing, the trial court signed the order, which stated, among other things: "Attorney fees to be granted in the amount of $1500.00 to be paid no later than June 11, 2007." Defense counsel stated: "Judge, you put down $1,500. You said $750." The judge responded that she had put in $1,500 as requested in the motion.

## II. PARTIES ON APPEAL

Appellants Mansourian and Khorshid, Inc. d/b/a Taxi Dallas filed a notice of appeal concerning "the trial court's order rendered on May 10, 2007." An amended appellants' brief was filed on behalf of Mansourian and Darya, Inc. d/b/a Executive Taxi; the brief asserts the trial court abused its discretion in entering an order dated May 11, 2007. The May 11 order, among other things, ordered the payment of $1,500 in attorney's fees.

Appellee Christian did not file a brief.

■ We conclude the notice of appeal, which referred to the order as being rendered May 10, 2007, constitutes a bona fide attempt to invoke this Court's jurisdiction. *See Verburgt v. Dorner,* 959 S.W.2d 615, 616 (Tex.1997) ("We have repeatedly held that a court of appeals has jurisdiction over any appeal in which the appellant files an instrument in a bona fide attempt to invoke the appellate court's jurisdiction."). There is no question, on the record before us, that appellants were attempting to appeal the May 11 order. We see nothing to be gained by requiring appellants to obtain leave to amend their notice of appeal, pursuant to rule of appellate procedure 25.1(f), in order to correct the date of the order they are appealing. *See* TEX.R.APP. P.

25.1(f). Further, the notice of appeal filed by Mansourian and Khorshid, Inc. d/b/a Taxi Dallas invokes our jurisdiction over all the parties to the order, including Darya, Inc. d/b/a Executive Taxi. *See* Tex. R.App. P. 25.1(b).

We now turn to the merits of the appeal.

## III. APPLICABLE LAW AND STANDARD OF REVIEW

▉▉▉ When a trial court finds a party has failed to comply with proper discovery requests, has failed to obey discovery orders, or has otherwise abused the discovery process, the court is authorized to impose a sanction that is just under the circumstances. Tex.R. Civ. P. 215; *In re Ford Motor Co.*, 988 S.W.2d 714, 718 (Tex. 1998). When determining whether a sanction is just, a court first considers whether there is a reasonable relationship between the abusive conduct and the sanction imposed. *TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991) (stating "the sanctions the trial court imposes must relate directly to the abuse found"); *Hanley v. Hanley*, 813 S.W.2d 511, 522–23 (Tex.App.-Dallas 1991, no writ) (award of attorney's fees in excess of what is reasonable and not related to harm suffered as result of discovery abuse is unjust and not authorized by rule 215). Second, a court considers whether the sanction is excessive. *TransAmerican Natural Gas Corp.*, 811 S.W.2d at 917; *Hanley*, 813 S.W.2d at 522–23.

▉▉▉ We review a trial court's ruling on a motion for sanctions for abuse of discretion. *Law Offices of Windle Turley, P.C. v. French*, 164 S.W.3d 487, 490 (Tex. App.-Dallas 2005, no pet.). A trial court abuses its discretion if it acted without reference to any guiding rules and principles to the extent the act was arbitrary or unreasonable. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–

42 (Tex.1985). We review the entire record to determine whether the imposition of sanctions constitutes an abuse of discretion. *Law Offices of Windle Turley, P.C.*, 164 S.W.3d at 490–91. We may not substitute our judgment for that of the trial court. *Id.* at 491.

## IV. DISCUSSION

Appellants assert the trial court's sanction was based on the failure of their attorney to specify in writing his objections to Christian's proposed order, and that there is no evidence the trial court had ordered such a response in writing. They assert that, absent such an obligation, there is no basis for imposing a sanction under rule 215. Appellants also argue there is no evidence to support the amount of the sanction.

▉▉▉ Absent any evidence as to the amount of the attorney's fees reasonably incurred as a result of appellants' supposedly violative conduct, the order is unjust. *See* Tex.R. Civ. P. 215; *In re Ford Motor Co.*, 988 S.W.2d at 718; *TransAmerican Natural Gas Corp.*, 811 S.W.2d at 917; *Hanley*, 813 S.W.2d at 522–23. It is clear there is no such evidence. Christian's counsel put on no such evidence at the hearing, and in fact when appellants' counsel sought to examine Christian's counsel as to attorney's fees, the trial court prohibited him from doing so. Thus, the award of $1,500 in attorney's fees as a sanction was without reference to any guiding rules and principles. *See Downer*, 701 S.W.2d at 241–42.

We conclude the trial court abused its discretion in awarding attorney's fees in the May 11, 2007 order. We need not address appellants' argument that the trial court's sanction was not based on the violation of any rule or order. *See* Tex.R.App. P. 47.1.

Ordinarily, we may not grant a party who does not file a notice of appeal more

favorable relief than did the trial court. *See* Tex.R.App. P. 25.1(c). However, we may do so for just cause. *Id.* We conclude just cause exists to vacate the attorney's fee award as to Darya, Inc. d/b/a Executive Taxi as well.

## V.  CONCLUSION

For the above reasons, we modify the trial court's May 11, 2007 order by vacating that portion of the order awarding attorney's fees. We affirm the order as modified. *See* Tex.R.App. P. 43.2(b).