

# NUMBER 13-17-00346-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**AUDREY NICKERSON,**                                                                    **Appellant,**

**v.**

**JULIO PINEDA AND UNIQUE
EMPLOYMENT, LLC, UNIQUE
EMPLOYMENT SERVICES,
UNIQUE EMPLOYMENT I, LTD,
D/B/A UNIQUE EMPLOYMENT SERVICES,**                         **Appellees.**

## On appeal from the County Court at Law No. 2
of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Hinojosa
Memorandum Opinion by Justice Hinojosa**

Appellant Audrey Nickerson sued appellees Julio Pineda and Unique Employment

I, Ltd., d/b/a Unique Employment Services (Unique) for negligence. Appellees filed a

plea to the jurisdiction, which the trial court granted. By four issues, which we treat as three, Nickerson argues that: the trial court erred in granting appellees' plea to the jurisdiction with respect to (1) Pineda and (2) Unique; and (3) the trial court abused its discretion by denying Nickerson's motions to compel discovery. We affirm in part and reverse and remand in part.

## I.   BACKGROUND

### A.   Pleadings

Nickerson, a City of Corpus Christi (City) employee, alleges that Pineda struck Nickerson "in the back with a John Deere tractor front loader bucket" while both were working on a City project. Pineda was a temporary worker supplied by Unique to the City through a temporary staffing service agreement. Nickerson sued both Pineda and Unique for negligence.

Appellees filed a joint plea to the jurisdiction[1] arguing that Pineda was an employee of the City at the time of the accident because the City controlled the details of Pineda's work. As such, appellees maintained that Pineda was personally immune from suit by operation of the election-of-remedies provision in the Texas Tort Claims Act (TTCA). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106 (West, Westlaw through 2017 1st C.S.). Appellees further argued that Unique could not be liable under the theory of *respondeat superior* without a valid cause of action against Pineda. Appellees attached the following evidence to their plea to the jurisdiction: (1) the declaration of Unique's Executive Vice President, Rebecca Bradford; (2) the "Temporary Staffing Service

---

[1] Appellees also filed a traditional and no-evidence motion for summary judgment. Only the trial court's order granting appellees' plea to the jurisdiction is at issue in this appeal.

Agreement" between Unique and the City; and (3) excerpts from Pineda's deposition testimony.

Nickerson filed a response, arguing generally that Pineda was not an employee of the City because the City did not control the details of Pineda's work. Nickerson supported her response with the following evidence: (1) appellees' responses to written discovery; (2) the deposition testimony of Nickerson, Reynaldo Garcia, Joe Ramirez, and Severiano Salas; and (3) the affidavit testimony of Nickerson, Garcia, Ramirez, and Salas.

Appellees filed an objection to the affidavits of Nickerson, Garcia, and Ramirez, arguing that they were conclusory and that Nickerson and Ramirez's affidavits were "sham" affidavits.

Nickerson later filed motions to compel: the deposition of a City employee and Unique's corporate representative; and responses to requests for production and interrogatories.

## B.    Evidentiary Record

The evidentiary record establishes the following uncontroverted facts concerning Pineda's employment relationship to the City and Unique. The City awarded Unique a contract to provide temporary staffing services. Unique's duties under the contract included administering payroll and benefits for temporary workers. Pineda applied to Unique for an assignment with the City, and he was later interviewed by a City employee. Pineda accepted an offer from the City to work in the City's Water Department. Once Pineda was hired, the City determined his schedule, pay rate, and job responsibilities.

3

Pineda wore a City uniform, used City equipment, and reported directly to a City supervisor. The City paid Pineda's wages to Unique based upon the hours of work performed, and Unique issued Pineda's paycheck.

The City required Pineda to follow its policies and procedures, and it was responsible for training, performance evaluations, and discipline. During his tenure, the City promoted Pineda from laborer to driver to heavy equipment operator. On the day of the accident involving Nickerson, Pineda was operating a City-owned backhoe for a City work project.

## C. Trial Court's Ruling

After holding a hearing, the trial court granted appellees' objections to the affidavits of Nickerson, Garcia, and Ramirez and struck the affidavits from the record. By separate order, the trial court granted appellees' plea to the jurisdiction. The trial court did not rule on Nickerson's motions to compel various discovery. This appeal followed.[2]

## II. PLEA TO THE JURISDICTION

## A. Standard of Review

A plea to the jurisdiction is a dilatory plea; its purpose is "to defeat a cause of action

---

[2] Appellees argue that we lack jurisdiction to review the trial court's judgment because Nickerson's notice of appeal identifies only the order denying her motion for new trial. See TEX. R. APP. P. 25.1(d)(2) (requiring that the notice of appeal state the date of the judgment or order appealed from). We are required to interpret the rules of appellate procedure liberally in order to reach the merits of an appeal whenever possible. *Warwick Towers Council of Co-Owners ex rel. St. Paul Fire & Marine Ins. Co. v. Park Warwick, L.P.*, 244 S.W.3d 838, 839 (Tex. 2008) (per curiam); *see In re M.D.G.*, 527 S.W.3d 299, 303 (Tex. App.—El Paso 2017, no pet.). The Texas Supreme Court has "repeatedly held that a court of appeals has jurisdiction over any appeal in which the appellant files an instrument in a bona fide attempt to invoke the appellate court's jurisdiction." *Verburgt v. Dorner*, 959 S.W.2d 615, 616 (Tex. 1997); *see Darya, Inc. v. Christian*, 251 S.W.3d 227, 231–32 (Tex. App.—Dallas 2008, no pet.) (overruling a challenge to defects under rule 25.1(d)(2) on this basis). With these principles in mind, we conclude that Nickerson's timely notice of appeal was a bona fide attempt to invoke the appellate court's jurisdiction. We therefore proceed to review the merits of the appeal.

4

without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court's subject matter jurisdiction over a pleaded cause of action. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Subject matter jurisdiction is a question of law; therefore, when the determinative facts are undisputed, we review the trial court's ruling on a plea to the jurisdiction de novo. *Id*.

The plaintiff has the initial burden to plead facts affirmatively showing that the trial court has jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). When a plea to the jurisdiction challenges the existence of jurisdictional facts, a trial court's review "mirrors that of a traditional summary judgment motion." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012). We take as true all evidence favorable to the nonmovant, indulging every reasonable inference and resolving any doubts in the nonmovant's favor. *Miranda*, 133 S.W.3d at 228. If the defendant meets its burden to establish that the trial court lacks jurisdiction, the plaintiff is then required to show that there is a material fact question regarding the jurisdictional issue. *Id*. at 228. If the evidence raises a fact issue regarding jurisdiction, the plea cannot be granted, and a fact finder must resolve the issue. *Id*. at 227–28. On the other hand, if the evidence is undisputed or fails to raise a fact issue, the plea must be determined as a matter of law. *Id*. at 228; *Garcia*, 372 S.W.3d at 635.

**B.    Pineda**

We first focus on the propriety of the trial court's ruling as it pertains to Pineda. By what we treat as her first issue, Nickerson argues that appellees failed to establish that

5

Pineda was an employee of the City.   Appellees respond that "a temporary worker under a city's control is a city's employee" for purposes of the TTCA's election-of-remedies provision.

### 1.    Applicable Law

"In certain circumstances, the TTCA waives the immunity that would otherwise bar suit against a governmental unit and an employee sued in his official capacity."  *Molina v. Alvarado*, 463 S.W.3d 867, 870 (Tex. 2015); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 101.025 (West, Westlaw through 2017 1st C.S.).   However, the TTCA's election-of-remedies provision, section 101.106, effectively conditions the immunity waiver on the plaintiff's forfeiture of any negligence claims against the employee in his individual capacity.   *Molina*, 463 S.W.3d at 870; *Tex. Adjutant Gen.'s Office v. Ngakoue*, 408 S.W.3d 350, 350 (Tex. 2013).   As pertinent to this case, section 101.106(f) provides:

> If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only.   On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

TEX. CIV. PRAC & REM. CODE ANN. § 101.106(f).   An individual defendant seeking dismissal under section 101.106(f) is asserting a claim of governmental immunity. *Franka v. Velasquez*, 332 S.W.3d 367, 371 n.9 (Tex. 2011).   To prevail, the defendant must establish (1) he is an employee of the governmental unit, (2) acting within the general scope of his employment, and (3) the suit could have been brought under the TTCA against the governmental unit.   *Id*. at 369; *Anderson v. Bessman*, 365 S.W.3d 119,

6

124 (Tex. App.—Houston [1st Dist.] 2011, no pet.).

Nickerson's issue challenges only the "employee" requirement. The TTCA defines "employee" as:

> a person, including an officer or agent, who is in the paid service of a governmental unit by competent authority, but does not include an independent contractor, an agent or employee of an independent contractor, or a person who performs tasks the details of which the governmental unit does not have the legal right to control.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(2) (West, Westlaw through 2017 1st C.S.). The statutory definition requires both control and paid employment. *Marino v. Lenoir*, 526 S.W.3d 403, 405 (Tex. 2017); *City of Houston v. Ranjel*, 407 S.W.3d 880, 890 (Tex. App.—Houston [14th Dist.] 2013, no pet.). The definition can potentially encompass workers provided by a private entity to the governmental agency. *See Fort Worth Transp. Auth. v. Rodriguez,* 547 S.W.3d 830, 848 (Tex. 2018) (holding that an employee of an independent contractor performing an essential governmental function under transportation code chapter 452, who is acting within the scope of her employment, is afforded protection under the TTCA's election-of-remedies provision as if she were an employee of the government); *Klein v. Hernandez*, 315 S.W.3d 1, 7–8 (Tex. 2010) (holding that a resident physician working at a public hospital under an agreement with his private medical school was to be treated as a state employee for claims arising from his work at the public hospital).

Parties claiming to be employees of a governmental entity and seeking the application of immunity under the TTCA bear the initial burden of proving they are employees of a governmental unit. *See Olivares v. Brown & Gay Eng'g, Inc.*, 401 S.W.3d

7

363, 376–77 (Tex. App.—Houston [14th Dist.] 2013), *aff'd*, 461 S.W.3d 117 (Tex. 2015). When the material underlying facts are not in dispute and can give rise to only one reasonable conclusion, the determination of "employee" status is a question of law subject to de novo review. *Tex. A & M Univ. v. Bishop*, 156 S.W.3d 580, 585 (Tex. 2005).

### 2. Employee Analysis

#### a. Paid service

The "paid service" element does not require that a governmental entity pay an employee directly. Rather, the payment of wages through a staffing agency can constitute "paid service." *See City of Bellaire v. Johnson*, 400 S.W.3d 922, 924 (Tex. 2013) (holding as a matter of law that a temporary worker provided by staffing agency was in the paid service of the city where he was paid by the city through the staffing agency on the basis of the hours worked for the city). Unique contracted with the City to provide payroll administration for temporary workers and issued Pineda's paycheck. However, the City determined Pineda's payrate and paid Unique based on the number of hours Pineda worked for the City. Because the City was responsible for Pineda's wages and he was paid on the basis of the hours he worked for the City, we conclude that Pineda was in the City's paid service as contemplated by the TTCA.

#### b. Control

Next, we look to whether the governmental unit has the right to control the progress, details, and methods of operation of the work. *See Ranjel*, 407 S.W.3d at 890. In doing so, we consider: (1) the independent nature of the business; (2) the obligation to furnish the tools, supplies, and materials necessary to perform the job; (3) the right to

8

control the progress of the work except about final results; (4) the time for which the worker is employed; and (5) the method of payment, whether by unit of time or by the job. *Id*.; *see Bishop*, 156 S.W.3d at 584–85.

Each of the above factors indicate that the City controlled Pineda's work. Pineda reported daily to the City, which furnished his equipment and uniform. The contours of Pineda's responsibilities were defined by the City. Pineda was employed in the City's Water Department beginning in 2012 and continuing through his deposition testimony in July of 2016. Finally, Pineda was paid by the City, albeit indirectly, based on the number of hours he worked for the City.

Despite the uncontroverted evidence that the City controlled the progress, details, and methods of operation of Pineda's work, Nickerson argues that the contract between the parties establishes Pineda's status as an independent contractor. The pertinent provision provides: "[Unique] will perform the services hereunder as an independent contractor and will furnish such services in its own manner and method, and under no circumstances or conditions may any agent, servant or employee of [Unique] be considered an employee of the City." However, contractual designations of control are not determinative but are merely a factor in our analysis. *See Exxon Corp. v. Perez*, 842 S.W.2d 629, 630 (Tex. 1992); *Coco v. Port of Corpus Christi Auth.*, 132 S.W.3d 689, 692 (Tex. App.—Corpus Christi 2004, no pet.). Reviewing the entire evidentiary record, we conclude that the uncontroverted evidence of control establishes that Pineda was an employee of the City under the TTCA and was not an independent contractor. *See Bishop*, 156 S.W.3d at 585; *see also Bellaire*, 400 S.W.3d at 924 (concluding that the

9

evidence established as a matter of law that a worker provided by a temporary staffing agency to the city was an employee of the city under the Texas Workers' Compensation Act).

### 3. Summary

The jurisdictional record establishes that Pineda was in the paid service and under the control of the City. Therefore, Pineda was a government employee under the TTCA, and he was entitled to dismissal under the Act's election-of-remedies provision. We conclude that the trial court did not err in granting appellee's plea to the jurisdiction as it pertains to Pineda.[3] *See Miranda*, 133 S.W.3d at 228; *Garcia*, 372 S.W.3d at 635.

We overrule Nickerson's first issue.

## C. Unique

By what we treat as her second issue, Nickerson argues that Unique, as a private independent contractor, cannot benefit from Pineda's immunity protection. Appellees respond that Unique cannot be vicariously liable for Pineda who is a borrowed employee of the City.

We agree with Nickerson that Unique derives no immunity protection from Pineda. Appellees cite no authority, nor have we found any, which extends an individual employee's protection under section 101.106(f) to a non-governmental entity such as

---

[3] Nickerson argues in the alternative that she is entitled to bring a claim against Pineda under the Texas Workers' Compensation Act, which allows injured employees to sue third parties while also claiming workers' compensation benefits. *See* TEX. LAB. CODE ANN. § 417.001 (West, Westlaw through 2017 1st C.S.). We agree that Nickerson is not precluded from claiming workers' compensation benefits from her employer while pursuing a third-party claim for damages. Her ability to do so, however, is necessarily constrained by any protections or defenses available to the third party, including those protections available to government employees under the TTCA's election-of-remedies provision.

10

Unique. The TTCA's election-of-remedies provision requires a plaintiff to make an election between suing the governmental unit under the TTCA *or* proceeding against the employee alone. *See Garcia*, 253 S.W.3d at 657. Unique falls into neither category. Therefore, section 101.106 affords it no protection.[4]

In its plea to the jurisdiction, Unique relied solely on Pineda's status as the borrowed employee of the City. The borrowed-employee doctrine is an affirmative defense that is concerned with vicarious liability and apportionment of responsibility for employees who have more than one master. *Reliance Nat. Indem. Co. v. Advance'd Temporaries, Inc.*, 227 S.W.3d 46, 49 (Tex. 2007). An affirmative defense to liability does not implicate the trial court's subject-matter jurisdiction; therefore, it is not properly asserted in a plea to the jurisdiction. *See State v. Lueck*, 290 S.W.3d 876, 880 (Tex. 2009) (explaining that immunity from liability is an affirmative defense that cannot be raised by a plea to the jurisdiction); *Schmitz v. Denton Cty. Cowboy Church*, 550 S.W.3d 342, 361 n.22 (Tex. App.—Fort Worth 2018, pet. denied) ("[L]imitations is not an appropriate subject of a plea to the jurisdiction because it is an affirmative defense, not a jurisdictional infirmity."); *Dallas Cty. v. Cedar Springs Inv., L.L.C.*, 375 S.W.3d 317, 321 (Tex. App.—Dallas 2012, no pet.) (concluding that laches is an affirmative defense that is not properly raised by a plea to the jurisdiction). Rather, an affirmative defense to liability is properly raised through a motion for summary judgment.[5] *See In re D.K.M.*,

---

[4] Unique did not argue in the trial court, and does not argue on appeal, that it derives immunity protection from the City.

[5] As noted, appellees filed a motion for summary judgment. However, the record clearly establishes that the trial court ruled only on appellees' plea to the jurisdiction.

242 S.W.3d 863, 865 (Tex. App.—Austin 2007, no pet.).

Because Unique did not assert any grounds challenging the trial court's subject-matter jurisdiction, we conclude that the trial court erred in granting appellees' plea to the jurisdiction as it pertains to Unique. *See Miranda*, 133 S.W.3d at 226.

We sustain Nickerson's second issue.

### III. MOTION TO COMPEL

By her third issue, Nickerson argues that the trial court abused its discretion by denying her motions to compel discovery. However, there is no indication in the record that the trial court ruled on Nickerson's motions or that Nickerson objected to the trial court's refusal to rule on her motions. If a party is not satisfied with an opposing party's discovery objections or responses to discovery inquiries, that party may move the trial court to compel discovery. *See* TEX. R. CIV. P. 215.1; *see also* TEX. R. CIV. P. 193.4 (providing that any party may request a hearing on an objection or claim of privilege to a discovery request). To preserve error on a discovery dispute, the appealing party must obtain a ruling by the trial court on the discovery issue. *See* TEX. R. APP. P. 33.1(a)(2) (requiring a ruling or an objection to refusal to rule as prerequisite to presenting complaint for appellate review); *U. Lawrence Boze' & Assocs., P.C. v. Harris Cty. Appraisal Dist.*, 368 S.W.3d 17, 32 (Tex. App.—Houston [1st Dist.] 2011, no pet.).

We conclude Nickerson failed to preserve this issue for appellate review. We overrule Nickerson's third issue.

### IV. CONCLUSION

We affirm that portion of the trial court's order granting appellees' plea to the

jurisdiction as it pertains to Pineda. We reverse that portion of the trial court's order granting appellees' plea to the jurisdiction as it pertains to Unique and remand the cause to the trial court for further proceedings consistent with this memorandum opinion.

LETICIA HINOJOSA
Justice

Delivered and filed the
9th day of May, 2019.

13