**Appellees' Motion Denied, Appellant's Motion Granted, and Order filed July 8, 2021**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-21-00284-CV
_____

## PAUL G. PARSONS, Appellant

## V.

## TRICHTER & LEGRAND P.C. AND GARY TRICHTER, Appellees

---

**On Appeal from the 164th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2019-54590**

---

## ORDER

This appeal is from a summary judgment order signed April 21, 2021. Appellant filed a notice of appeal on May 24, 2021. In that notice of appeal, below a case caption that included the style of the case and the trial court cause number, along with the trial court's name itself, the notice declared that "[u]nder Texas Rule of Appellate Procedure 25.1, [appellant] files this notice of appeal[, and t]his case will be appealed to either the First or Fourteenth Court of Appeals, in Houston, Texas." The timing and form of the notice prompted appellees to file a motion to

dismiss this appeal for lack of jurisdiction and failure to comply with appellate procedural rules. On June 14, 2021, appellant filed a motion for extension of time to file an amended notice of appeal (which also serves as response to appellees' motion), and he has also filed an amended notice of appeal with this court pursuant to Texas Rule of Appellate Procedure 25.1(g).

The timeliness of appellant's original and amended notices of appeal will be addressed first. In civil cases, a notice of appeal normally "must be filed within 30 days after the judgment is signed." Tex. R. App. P. 26.1. Appellant's original notice of appeal, filed 33 days after the trial court's summary judgment order, indisputably missed that deadline. However, if within 15 days after that deadline an appellant both files in the trial court a notice of appeal and files in the appellate court a motion to extend the time for the notice's filing, the appellate court may extend the time for the notice's filing. *See* Tex. R. App. P. 26.3. Appellant's original notice of appeal was filed within that 15-day window, and although appellant's formal motion to extend time was filed beyond the 15-day window, the original notice of appeal itself serves as an implied motion for extension of time. *See Hone v. Hanafin*, 104 S.W.3d 884, 886 (Tex. 2003).

To be granted an extension of time to file a notice of appeal, appellant must reasonably explain his need for an extension to file his notice of appeal. *Id.* (quoting Tex. R. App. P. 10.5(b)). This standard is satisfied with "any plausible statement of circumstances indicating that failure to file within the specified period was not deliberate or intentional, but was the result of inadvertence, mistake or mischance." *Id.* The explanation does not itself have to be provided within the 15-day window for filing the motion for an extension; this court has previously provided an opportunity for such an explanation to be given at oral argument, and appellant's explanation has been provided well before that stage. *See Miller v. Greenpark*

2

*Surgery Ctr. Assocs., Ltd.*, 974 S.W.2d 805, 808 (Tex. App.—Houston [14th Dist.] 1998, no pet.).

Appellant has met the standard for being granted an extension of time. His current counsel was not retained for trial court proceedings, but was rather retained in May 2021 (after the trial court signed its summary judgment order). Appellant's counsel has stated that in May, he was preparing for trial as well as actually first-chairing a jury trial, all of which lasted through the evening of June 1st. Although appellant's counsel's failure to timely file the document was evidently careless, that still suffices to justify an extension of time for the notice of appeal. *See Hykonnen v. Baker Hughes Bus. Support Servs.*, 93 S.W.3d 562, 563 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (citing *Garcia v. Kastner Farms, Inc.*, 774 S.W.2d 668, 669 (Tex. 1989)) (observing that the standard for extending time to file a notice of appeal can be met even with "conduct [that] can be characterized as professional negligence").

Turning to the substance of appellant's original notice of appeal, appellees claim the original notice is flawed because it does not include the identity of the trial court and style and cause number of the trial court proceedings, as well as the date of the trial court judgment or order being appealed. *See* Tex. R. App. P. 25.1(d)(1)–(2). But although the original notice does not include the style, cause number or trial court's name in its main text, that information is included in the case caption, and that placement is enough to satisfy procedural requirements. *Cf. Stumhoffer v. Perales*, 459 S.W.3d 158, 163 (Tex. App.—Houston [1st Dist.] 2015, pet. denied) (analyzing the sufficiency of a notice of appeal based partly on what information was included in its case caption). Moreover, although the original notice did not include the date of the order or judgment appealed from, the amended notice does specify that appellant is appealing from the trial court's April 21, 2021 summary

3

judgment order, as well as all subsidiary orders, and that correction is expressly permitted under Texas procedural rules. *See* Tex. R. App. P. 25.1(g) ("An amended notice of appeal correcting a defect or omission in an earlier filed notice may be filed in the appellate court at any time before the appellant's brief is filed.").

Although appellees have portrayed appellant's original notice of appeal as unsalvageable on the basis it was not a bona fide attempt to invoke appellate court jurisdiction, their characterization is incorrect. As discussed above, the original notice's only defects were its untimeliness and its lack of detail as to what judgment or order was being appealed from. Those defects do not prevent the defective original notice of appeal from being a bona fide attempt to invoke this court's appellate jurisdiction, and thus do not defeat appellant's later efforts to salvage his appeal with an amended notice of appeal. *See, e.g.*, *City of San Antonio v. Rodriguez*, 828 S.W.2d 417, 418 (Tex. 1992) (per curiam) (holding a notice of appeal was a bona fide attempt to invoke appellate court jurisdiction despite including an erroneous trial court cause number); *Darya, Inc. v. Christian*, 251 S.W.3d 227, 231 (Tex. App.—Dallas 2008, no pet.) (holding that a notice of appeal that did not specify what order was being appealed from was nevertheless a bona fide attempt at invoking appellate jurisdiction as "[t]here [was] no question . . . that appellants were attempting to appeal [a particular discovery sanctions] order"); *see also* Tex. R. App. P. 26.3 (authorizing motions to extend time to file notices of appeal beyond normal deadlines).

Finally, appellees have also requested damages pursuant to Texas Rule of Appellate Procedure 45 on the basis that appellant brought this appeal solely for delay as ostensibly evinced by appellant's failure to observe the procedural requirements for an appeal. However, since appellant has effectively invoked this court's appellate jurisdiction, and appellees have not provided any basis for such

4

damages aside from their contention that this appeal is jurisdictionally defective, that request is easily rejected. *Cf. Glassman v. Goodfriend*, 347 S.W.3d 772, 782 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (holding that sanctions under Rule 45 are determined by "whether the advocate had reasonable grounds to believe the case could be reversed").

Accordingly, the court DENIES appellees' motion to dismiss this appeal for lack of jurisdiction and failure to comply with procedural rules and GRANTS appellant's motion for extension of time to file notice of appeal.

PER CURIAM

Panel Consists of Justices Bourliot, Poissant, and Wilson. (Wilson, J., dissenting).