**Affirm and Opinion Filed February 22, 2024**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-23-00343-CV

**SAMELLA ANDERSON, Appellant**
**V.**
**ELMA Z. GOODWIN, Appellee**

**On Appeal from the 193rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-22-10908**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Pedersen, III, and Garcia
Opinion by Justice Garcia

Appellant Samella Anderson sued appellee Elma Z. Goodwin for defamation, abuse of process, and malicious prosecution. Goodwin filed a motion to dismiss based on the Texas Citizens Participation Act,[1] and the trial judge granted Goodwin's motion. Anderson appeals. We affirm.

---

[1] TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001–.011; *see also* Act of May 21, 2011, 82d Leg., R.S., ch. 341, § 1, 2011 Tex. Gen. Laws 961, 961 (H.B. No. 2973) ("This Act may be cited as the Citizens Participation Act.").

## I.  BACKGROUND

### A.  Alleged Facts

Anderson alleged the following facts in her first amended petition.

Anderson and Goodwin were members of the same homeowners association, and some HOA-related acrimony developed between them. In summer 2021, Goodwin began spreading a false rumor that Anderson had assaulted Goodwin with a deadly weapon and threatened to kill her. Anderson believed that Goodwin spread this rumor to neighbors, HOA board members, the HOA's management company, and others.

On July 29, 2021, Goodwin made a false police report to the DeSoto police accusing Anderson of displaying a silver handgun and pointing it at Goodwin before driving away.

Goodwin then sought a peace bond from a Dallas County justice of the peace. After a hearing in August 2021, the justice of the peace ruled that there was no probable cause and dismissed the case.

Anderson was eventually arrested for felony aggravated assault with a deadly weapon. The criminal case went to trial, and on December 12, 2022, Anderson was found not guilty.

## B.    Procedural History

On August 25, 2022, Anderson sued Goodwin for defamation and abuse of process. Goodwin answered and counterclaimed for assault by threat of bodily injury.

Goodwin later filed a TCPA motion to dismiss Anderson's claims. The motion challenged Anderson's ability to make out a prima facie case in support of her claims and also asserted the affirmative defenses of statute of limitations and absolute privilege.

Three days before the hearing of Goodwin's TCPA motion, Anderson filed a response to the TCPA motion and a first amended petition in which she added a malicious-prosecution claim based on the outcome of her recent criminal trial. The evening before the hearing, Goodwin filed a motion to strike Anderson's response and most of her evidence.

The trial judge held a hearing on Goodwin's TCPA motion, and she entertained arguments regarding Goodwin's motion to strike at that hearing as well. She took the TCPA motion under advisement and in January 2023 signed an order that granted the motion, dismissed Anderson's claims, and set a deadline for Goodwin to file a motion for attorney's fees. The order did not state any reasons for the ruling. The judge did not rule on or even mention Goodwin's motion to strike.

Anderson filed a motion for reconsideration. The trial judge denied the motion after a hearing.

The trial judge later signed an order awarding Goodwin attorney's fees of almost $21,000, plus additional appellate fees. The order contained finality language that had the effect of dismissing Goodwin's assault counterclaim.

Anderson then timely appealed. The appeal was submitted without oral argument.

## II.   ISSUES PRESENTED

Anderson presents two issues, which we paraphrase as follows.

First, the trial judge erred by granting Goodwin's TCPA motion because Goodwin did not demonstrate that Anderson's claims were based on or in response to Goodwin's exercise of a TCPA-protected right.

Second, the trial judge erred by granting Goodwin's TCPA motion because Anderson successfully established a prima facie case for her claims by clear and specific evidence.

## III.   ANDERSON'S NOTICE OF APPEAL

At the outset, we address a point raised by Goodwin in her appellee's brief: Anderson's notice of appeal identifies only the trial judge's March 9, 2023 order denying Anderson's motion for reconsideration as the order being appealed. Goodwin argues that this means that the only order before this Court for review is the order denying the motion for reconsideration. This would be fatal to Goodwin's appeal because, as stated above, her appellate issues complain only about the January 2023 order granting Goodwin's TCPA motion—not about the denial of her motion

–4–

for reconsideration. We conclude that Anderson's notice of appeal is defective but that the defect does not prevent us from addressing Anderson's issues.

The appellate rules require a notice of appeal to "state the date of the judgment or order appealed from." TEX. R. APP. P. 25.1(d)(2). An order denying a motion for reconsideration is not independently appealable. *Pitts v. Bank of N.Y. Mellon Tr. Co.*, No. 05-17-00115-CV, 2017 WL 474468, at *1 (Tex. App.—Dallas Feb. 6, 2017, no pet.) (mem. op.). Anderson's notice of appeal is, therefore, defective because it does not list the date of the final judgment and identifies only the order denying reconsideration as an order being appealed.

However, the mistake in Anderson's notice of appeal does not deprive us of appellate jurisdiction. *See Darya, Inc. v. Christian*, 251 S.W.3d 227, 231 (Tex. App.—Dallas 2008, no pet.) (holding that notice of appeal invoked appellate jurisdiction despite reciting the wrong date for the appealed order). We could require Anderson to file an amended notice of appeal, *see* TEX. R. APP. P. 25.1(g), but nothing would be gained by this exercise, *see Darya, Inc.*, 251 S.W.3d at 231. Accordingly, we disregard the error and proceed to the merits of Anderson's appeal.

## IV. ANALYSIS

### A. Overview of the TCPA

A TCPA motion to dismiss triggers a multi-step analysis. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(b)–(d). At step one, the movant bears the initial burden to demonstrate that the nonmovant's legal action is based on or in response to (1)

the movant's exercise of the right of free speech, the right to petition, or the right of association, or (2) conduct by the movant fitting the descriptions found in § 27.010(b). *See id*. § 27.005(b).

If the movant carries its step-one burden as to a claim, the burden shifts to the nonmovant to establish by clear and specific evidence a prima facie case for each essential element of that claim. *See id*. § 27.005(c). If the nonmovant does not carry its burden, the claim must be dismissed. *See id*. § 27.005(b), (c). And even if the nonmovant carries its step-two burden, the movant can still win dismissal at step three by establishing an affirmative defense or other grounds on which it is entitled to judgment as a matter of law. *Id*. § 27.005(d).

In determining whether a legal action is subject to or should be dismissed under the TCPA, a court shall consider the pleadings, evidence the court could consider under the summary-judgment rule, and supporting and opposing affidavits stating the facts on which the liability or defense is based. *Id*. § 27.006(a). We consider these materials in the light most favorable to the nonmovant. *Temple v. Cortez L. Firm, PLLC*, 657 S.W.3d 337, 342 (Tex. App.—Dallas 2022, no pet.).

We review de novo the trial judge's determination that the parties met or failed to meet their respective burdens under the TCPA. *Garcia v. Semler*, 663 S.W.3d 270, 279 (Tex. App.—Dallas 2022, no pet.).

**B.    Issue 1: Did Goodwin carry her step-one burden under the TCPA as to each of Anderson's claims?**

In her first issue, Anderson argues that Goodwin failed to demonstrate that Anderson's claims were based on or in response to Goodwin's exercise of a right protected by the TCPA. We disagree for the following reasons.

**1.    Applicable Law**

Goodwin's TCPA motion invoked the right of free speech and right to petition, which the TCPA defines in relevant part as follows:

> (3)    "Exercise of the right of free speech" means a communication made in connection with a matter of public concern.
>
> (4)    "Exercise of the right to petition" means any of the following:
>
> . . .
>
> (C)    a communication that is reasonably likely to encourage consideration or review of an issue by a legislative, executive, judicial, or other governmental body or in another governmental or official proceeding . . . .

*Id*. § 27.001(3), (4)(C).

The TCPA further defines the phrase "matter of public concern," in relevant part, as follows:

> (7)    "Matter of public concern" means a statement or activity regarding:
>
> . . .
>
> (B)    a matter of political, social, or other interest to the community; or
>
> (C)    a subject of concern to the public.

*Id*. § 27.001(7)(B), (C).

## 2. Application of the Law to the Facts

First, we identify the bases for Anderson's claims against Goodwin. Anderson asserted claims against Goodwin for abuse of process and malicious prosecution[2] based on allegations that Goodwin made a false police report that accused Anderson of orally threatening to "blow [Goodwin's] head off" and displaying a silver handgun that she pointed at Goodwin before driving away. Anderson also sued Goodwin for defamation, alleging that Goodwin made those same accusations not only to law-enforcement personnel but also to people in the HOA and the general community. Thus, all of Anderson's claims are based on communications by Goodwin.

We next consider whether the communications in question were exercises of the right of free speech, i.e., whether they were made in connection with a matter of public concern. *See* CIV. PRAC. & REM. § 27.001(3). Based on controlling case authority, we conclude that the communications did indeed involve a matter of public concern.

It is well-settled that criminal acts are matters of public concern under the 2019 amendments to the TCPA. *Garcia*, 663 S.W.3d at 281. That is, crimes are both matters of interest to the community and subjects of concern to the public. *See* CIV.

---

[2] We note that Goodwin's TCPA motion did not attack Anderson's malicious-prosecution claim, which Anderson did not plead until after Goodwin filed her motion. But Anderson does not argue that this fact is a reason to reverse the judgment as to the malicious-prosecution claim, so we do not consider that possibility. *See State Bar of Tex. v. Evans*, 774 S.W.2d 656, 658 n.5 (Tex. 1989) (per curiam) (holding that court of appeals may not sua sponte raise arguments on appellant's behalf).

PRAC. & REM. § 27.001(7)(B), (C). Anderson does not dispute that the statements in question accused her of committing a crime against Goodwin. Thus, because all of Anderson's claims against Goodwin are based on communications that were made in connection with a matter of public concern, the trial judge correctly concluded that Goodwin carried her step-one burden to demonstrate that Anderson's claims were based on Goodwin's exercise of the right of free speech.

Anderson's arguments to the contrary are not persuasive. First, she argues that Goodwin's statements were not exercises of the right of free speech to the extent Goodwin made those statements to people who were not governmental actors. But whether a communication involves a matter of public concern depends on the communication's subject matter, not its audience. *See id*. § 27.001(7)(B), (C). Thus, we have held that Facebook posts accusing someone of a crime involve a matter of public concern, even though Facebook posts are not reports to a governmental actor. *See Garcia*, 663 S.W.3d at 281. We have also held that a private email accusing someone of forgery involved a matter of public concern, rejecting the appellant's argument that no matter of public concern was involved because the email was not "a statement made to law enforcement." *Francis v. Phoenix Cap. Grp. Holdings, LLC*, No. 05-22-01260-CV, 2023 WL 5542622, at *4–5 (Tex. App.—Dallas Aug. 29, 2023, pet. filed) (mem. op.).

Anderson also argues that Goodwin's police report should not be deemed to satisfy step one with regard to her claims for abuse of process and malicious

prosecution because (1) Goodwin knew the report was false, (2) Goodwin made the report with an ulterior motive or for an improper purpose, and (3) Goodwin's false report was malicious. We disagree. A statement's truth or falsity is irrelevant to the step-one analysis. *See Garcia*, 663 S.W.3d at 280 n.7; *Cruz v. Van Sickle*, 452 S.W.3d 503, 515 (Tex. App.—Dallas 2014, pet. denied). Similarly, nothing in the statutory definition of "matter of public concern" makes a defendant's motives or mental state relevant to the matter-of-public-concern inquiry. *See* CIV. PRAC. & REM. § 27.001(7)(B), (C). We may not engraft additional requirements onto the statutory definition. *See Lippincott v. Whisenhunt*, 462 S.W.3d 507, 508 (Tex. 2015) (per curiam).

### 3. Conclusion

Goodwin carried her TCPA step-one burden by demonstrating that all of Anderson's claims were based on Goodwin's exercise of the right of free speech. Accordingly, we overrule Anderson's first issue on appeal.

## C. Issue 2: Did Anderson carry her step-two burden under the TCPA?

In her second issue, Anderson argues that she produced enough clear and specific evidence to raise a prima facie case on every element of each of her claims. Before considering those arguments, however, we consider the affirmative defenses that Goodwin asserted in her TCPA motion.

1. **Goodwin's Affirmative Defenses to Defamation and Abuse of Process**

Goodwin's TCPA motion urged two affirmative defenses. *See* CIV. PRAC. & REM. § 27.005(d) (requiring dismissal if the movant establishes an affirmative defense as a matter of law, even if the nonmovant carries her step-two burden). Goodwin argued (1) Anderson's defamation claim was barred by limitations except to the extent the claim was based on statements Goodwin made at a peace-bond hearing on August 26, 2021, and (2) absolute privilege barred Anderson's abuse-of-process claim and her defamation claim to the extent the claims were based on statements made at the peace-bond hearing. The trial judge's order granting the TCPA motion did not specify the judge's reasons for granting it.

Although Anderson does not assert a separate appellate issue concerning Goodwin's affirmative defenses, we discern that Anderson addresses the affirmative defenses in a footnote in her brief's statement of facts. In that footnote, and without citation to authority, Anderson asserts that (1) the trial judge's order does not address Goodwin's affirmative defenses, (2) the defenses were inappropriate and untimely, and (3) the defenses were not set for hearing. For the following reasons, we reject Anderson's contentions.

Anderson's first contention is inadequately briefed because Anderson cites no authority for the proposition that a trial judge errs by deciding a TCPA motion with a general order that gives no specific reasons. *See* TEX. R. APP. P. 38.1(i) (requiring argument section of appellant's brief to include "appropriate citations to

authorities"). Moreover, a general order like the one in this case triggers a presumption that the trial judge considered every ground asserted by the movant. *See Morales v. Barnes*, No. 05-17-00316-CV, 2017 WL 6759190, at *5 (Tex. App.—Dallas Dec. 29, 2017, no pet.) (noting that we presume the trial judge considered all asserted grounds if the judge does not specify the reasons for an order); *see also Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970) (affirming general summary-judgment order because it could have been based on a summary-judgment ground the appellant did not challenge).

Anderson's contention that Goodwin's defenses were inappropriate and untimely is also inadequately briefed. The TCPA expressly allows a movant to rely on affirmative defenses, CIV. PRAC. & REM. § 27.005(d), and Anderson does not explain how Goodwin's defenses were either inappropriate or untimely on the facts of this case, *see* TEX. R. APP. P. 38.1(i) (requiring appellant's brief to contain "a clear and concise argument for the contentions made").

Finally, Anderson's third contention is inadequately briefed because she provides no record references substantiating her assertion that Goodwin's affirmative defenses were somehow not set for hearing with the rest of the TCPA motion. *See* TEX. R. APP. P. 38.1(i); *see also Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 896 (Tex. App.—Dallas 2010, no pet.) ("If record references are not made . . ., the brief fails.").

In sum, the trial judge may have dismissed Anderson's defamation and abuse-of-process claims based on Goodwin's affirmative defenses, and Anderson has not shown that doing so was erroneous. Accordingly, we need not address whether Anderson successfully carried her step-two burden as to those claims. *See* CIV. PRAC. & REM. § 27.005(d) (requiring dismissal based on affirmative defenses that are proved as a matter of law "[n]otwithstanding" the nonmovant's showing at step two).

### 2. Anderson's Malicious-Prosecution Claim

Now we consider whether Anderson established by clear and specific evidence a prima facie case for each essential element of her malicious-prosecution claim. *See id*. § 27.005(c). In our analysis, we consider the pleadings, evidence that a court could consider under the summary-judgment rule, and supporting and opposing affidavits. *See id*. § 27.006(a). Under the TCPA, we consider the pleadings as evidence, regardless of whether they are offered as such, but conclusory statements and bare, baseless opinions are not probative and cannot constitute clear and specific evidence of a prima facie case. *Hill v. Keliher*, No. 05-20-00644-CV, 2022 WL 213978, at *20 (Tex. App.—Dallas Jan. 25, 2022, pet. denied) (mem. op.).

The elements of malicious prosecution are (1) the commencement of a criminal prosecution against the plaintiff, (2) causation (initiation or procurement) of the action by the defendant, (3) termination of the prosecution in the plaintiff's favor, (4) the plaintiff's innocence, (5) the absence of probable cause for the

proceedings, (6) malice in filing the charge, and (7) damage to the plaintiff. *Richey v. Brookshire Grocery Co.*, 952 S.W.2d 515, 517 (Tex. 1997).

We turn to the element of causation because it is dispositive.

To prove causation in a malicious-prosecution case, the plaintiff must prove that the defendant initiated or procured the criminal prosecution. *Lermon v. Minyard Food Stores, Inc.*, No. 05-13-00034-CV, 2014 WL 6466840, at *4 (Tex. App.—Dallas Nov. 19, 2014, pet. denied) (mem. op.). A defendant initiates a prosecution if she files formal charges against the plaintiff. *Id*. A defendant procures a prosecution if her actions are enough to cause the prosecution and but for her actions the prosecution would not have occurred. *Id*.

In this case, Anderson argues that Goodwin caused Anderson's prosecution by making a false police report. For evidence, Anderson relies on her live pleading and on the police report itself. We address each in turn.

First, Anderson asserts that her amended petition "alleges each element [of malicious-prosecution] in detail." With respect to causation, this is not so. In her malicious-prosecution pleading, Anderson alleged simply that "Goodwin initiated the criminal prosecution by making a false police report to the DeSoto Police Department." But in the malicious-prosecution context, "initiate" has the technical meaning of filing formal charges against the plaintiff. *Id*. A mere witness statement to law-enforcement personnel is not a formal charge. *See id*. at *5 (holding that a witness statement given to a detective was not a formal charge and did not "initiate"

–14–

a subsequent prosecution). Thus, Anderson's pleading that Goodwin "initiated" Anderson's prosecution by making a police report is not clear and specific evidence of causation.

We next consider whether the police report itself constitutes clear and specific evidence that Goodwin "procured" Anderson's prosecution. To show causation under a procurement theory, Anderson had to present clear and specific evidence that (1) Goodwin provided information that she knew was false, (2) the prosecutor acted on the false information, and (3) but for the false information, the decision to prosecute would not have been made. *See Hill*, 2022 WL 213978, at *19 (citing *King v. Graham*, 126 S.W.3d 75, 76 (Tex. 2003) (per curiam)).

Nothing in the police report shows that the decision to prosecute Anderson would not have been made but for Goodwin's report. *See id*. at *21 ("Merely reporting a crime . . . cannot 'cause' a criminal prosecution."). Notably, Anderson pleaded that several months passed between Goodwin's report and Anderson's arrest and that a grand jury was involved in the criminal process during that interim and caused Anderson's arrest. Anderson produced no evidence concerning the facts, if any, that law enforcement learned during the months-long interim or during the grand-jury proceedings. Thus, it would be mere speculation to conclude from the police report that "the decision to prosecute would not have been made but for the [allegedly] false information supplied by the defendant." *Lermon*, 2014 WL 6466840, at *4 (holding that plaintiff adduced legally insufficient evidence of

malicious prosecution's causation element); *see also Mogged v. Lindamood*, No. 02-18-00126-CV, 2020 WL 7074390, at *9 (Tex. App.—Fort Worth Dec. 3, 2020, pet. denied) (en banc) (mem. op.) ("[A] TCPA nonmovant cannot rely on speculation to satisfy its burden of proof of establishing a prima facie case for each element of its claim.") (internal quotation and citation omitted). We hold that the police report is not clear and specific evidence sufficient to make out a prima facie case for the essential element of causation.

For the foregoing reasons, we conclude that the trial judge did not err by ruling that Anderson failed to carry her step-two burden as to her malicious-prosecution claim.

### 3.    Conclusion

We overrule Anderson's second issue on appeal.

## V.    DISPOSITION

We affirm the trial court's judgment.

/Dennise Garcia/
_____
DENNISE GARCIA
JUSTICE

230343F.P05

–16–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

SAMELLA ANDERSON, Appellant

No. 05-23-00343-CV      V.

ELMA Z. GOODWIN, Appellee

On Appeal from the 193rd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-22-10908.
Opinion delivered by Justice Garcia.
Justices Partida-Kipness and
Pedersen, III participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Elma Z. Goodwin recover her costs of this appeal from appellant Samella Anderson.

Judgment entered February 22, 2024.